# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **A.L., a minor suing by through her custodial parent and next friend, MARY LOFTON,** | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. _____ |
| **BENO TRAMPOLINE PARKS, LLC, et al** | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendant BENO Trampoline Parks, LLC ("**Defendant**"), hereby removes, pursuant to 28 U.S.C. §1441, et seq., civil action captioned *A.L., a minor suing by through her custodial parent and next friend, Mary Lofton v. Beno Trampoline Parks, LLC, et al,* Docket Number CV-2022-900031 pending in the Circuit Court of Jefferson County, Alabama (the "**State Court Action**"), to the United States District Court for the Northern District of Alabama, Southern Division, on the grounds of diversity of citizenship, 28 U.S.C. §1332, for the following reasons:

1.   On January 4, 2022, Plaintiff A.L., a minor by and through her custodial parent and next friend, Mary Lofton ("**Plaintiff**") filed a Complaint in the State Court Action. On June 30, 2022, Plaintiff filed a First Amended Complaint in the State Court Action. Copies of the Complaint and First Amended Complaint and

1

all other documents filed in the State Court Action as of the time of this filing are attached as Exhibit "**A**".

2. On June 30, 2022, Defendant received a copy of the First Amended Complaint notifying it of the claim for relief upon which this removal is based. *See* Affidavit of Darren Balsamo, attached hereto Exhibit "B". Thus, this Notice of Removal is timely filed in compliance with 28 U.S.C. §1446(b).

3. In this personal injury action, Plaintiff alleges the minor was injured as a result of an accident that occurred in Homewood, Alabama, and Plaintiff asserts claims against Defendant of negligence, wantonness, premises liability, vicarious liability. *See* First Amended Complaint.

4. The Circuit Court for Jefferson County, Alabama, is located within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division.

5. This action is removable because there is complete diversity of citizenship between Plaintiff and Defendant, and because the damages alleged are in excess of $75,000.00, based on Plaintiff's allegation the minor "suffered a catastrophic, life-altering leg injury" and a "severe, traumatic fracture to her right femur", claims for general and special compensatory damages, for past and future medical expenses, mental anguish, pain and suffering, permanent injury and disfigurement, and lost earning capacity, as well as punitive damages.

Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

6. Plaintiff Mary Lofton and A.L., a minor, are both residents of and are domiciled in Mobile County, Alabama. *See* First Amended Complaint ¶ 1. For diversity purposes, they are citizens of Alabama.

7. BENO Trampoline Parks, LLC, is a foreign limited liability company whose sole members are Vance Elkins and Surge Holdings, LLC. *See* Affidavit of Darren Balsamo, attached hereto as Exhibit "**C**". The sole members of Surge Holdings, LLC are Balsamo Investments, LLC and NLS Investments, LLC. *See Id*. The sole member of Balsamo Investments, LLC is Darren Balsamo. *See Id*. The sole member of NLS Investments, LLC is Drew Brees. *See Id*. Darren Balsamo and Vance Elkins are residents of and are domiciled in Ouachita Parish, Louisiana. *See Id*. Drew Brees is a resident of and is domiciled in San Diego County, California. *See Id*. Accordingly, for diversity purposes, BENO Trampoline Parks, LLC, is a citizen of Louisiana and California. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen").

8. Based on the allegations in the First Amended Complaint, the requisite amount in controversy is satisfied, as Plaintiff seeks general and special

compensatory damages, for past and future medical expenses, mental anguish, pain and suffering, permanent injury and disfigurement, and lost earning capacity, as well as punitive damages for the following:

- a "*catastrophic, life-altering* leg injury";
- a "*severe, traumatic* fracture to her right femur";
- [s]he underwent two different surgeries to-date and may need a third surgery in order to help restore function to her right leg";
- "*extreme* physical pain, mental suffering, and emotional distress";
- "*permanent* injury, disability, and disfigurement";
- "a loss of her enjoyment of life";
- "[s]e has incurred and will continue to incur *significant medical and other healthcare related bills and expenses* in and about the treatment and rehabilitation of her injuries"; and
- "[s]e was caused to suffer and in the future will suffer a *substantial loss of earnings and wages*, and other benefits."

*Id*. at ¶ 31 (emphasis added). To the extent Plaintiff is successful in seeking punitive damages, for which Plaintiff alleges Defendant is liable, under *BMW of N. Am. v. Gore*, then it is reasonable to assume a standard three times multiplier of compensatory damages may be used to determine a punitive damages award. *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996). When combining the allegedly significant compensatory damages with the possible punitive damages, the amount in controversy clearly exceeds $75,000.00. Plaintiff has not entered any stipulation limiting any award which may be made, nor has Plaintiff provided any affidavit waiving any recovery above $75,000.00.

9. This action should be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties, and the judgment value of damages sought by Plaintiff exceeds the jurisdictional threshold.

10. Attached as exhibits to this Notice of Removal are the following:

(a) Copies of all pleadings, including answers, filed in state court (Exhibit "**A**");

(b) A copy of the proffered return of service of process filed by Plaintiff in state court on Defendant BENO Trampoline Parks, LLC (Exhibit "**B**"); and

(c) Affidavit of Darren Balsamo (Exhibit "**C**").

11. Pursuant to 28 U.S.C. 1446(d), and contemporaneously with the filing hereof, undersigned counsel for Defendant BENO Trampoline Parks, LLC, has given notice of the filing of this Notice of Removal to Plaintiff.

12. A copy of this Notice of Removal is being promptly filed with the Circuit Court of Jefferson County, Alabama, as required by 28 U.S.C. 1446(d).

13. Defendant BENO Trampoline Parks, LLC, respectfully requests that this Court take jurisdiction in this civil action to its conclusion, to the exclusion of any further proceedings in the State Court, in accordance with federal law.

**WHEREFORE,** Defendant BENO Trampoline Parks, LLC, respectfully requests that this Court remove this action from the Circuit Court for Jefferson

County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

        */s/ George C. Gaston*
        George C. Gaston, Esq.  (ASB-8841-O60G)
        Nathan L. Burrow, Esq. (ASB-2384-H22B)
        GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, PLC
        63 S. Royal Street, Suite 302
        Mobile, Alabama 36602
        Telephone: (251) 438-7850
        Facsimile: (251) 438-7875
        ggaston@gallowaylawfirm.com
        nburrow@gallowaylawfirm.com
        *Attorneys for Defendant BENO Trampoline Parks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 29th day of July, 2022, caused a copy of the foregoing to be uploaded via the ECF court filing system and served electronically on counsel for all parties of record who are registered participants by the electronic notification given by ECF at the time of filing on this day.  I also sent a copy of the foregoing via electronic mail to:

Jason L. Yearout, Esq.
Brendan L. Smith, Esq.
RUBIO LAW FIRM, P.C.
490 Wildwood No. Cir., Suite 150
Birmingham, Alabama 35209
(205) 443-7850
jyearout@rubiofirm.com
bsmith@rubiofirm.com
*Attorneys for Plaintiff*

        */s/ George C. Gaston*
        OF COUNSEL