FILED

2022 Jul-29  AM 11:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
1/4/2022 8:02 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br><br>Date of Filing:<br>01/04/2022 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### AUBRIANA LOFTON v. BENO TRAMPOLINE PARKS, LLC

**First Plaintiff:**  ☐ Business  ☑ Individual        **First Defendant:**  ☑ Business  ☐ Individual
☐ Government  ☐ Other        ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☑ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED        T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO        **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**        ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**
SNO019                1/4/2022 8:02:55 PM                /s/ JACOB L SNOW
_____        _____        _____
Date        Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**        ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☑ NO

EXHIBIT A

ELECTRONICALLY FILED
1/4/2022 8:02 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **A.L.,** a minor  suing by through her custodial parent and next friend, **MARY LOFTON**, | * |
| | * |
| Plaintiffs | * |
| vs. | *     **CIVIL ACTION:** _____ |

**BENO TRAMPOLINE PARKS, LLC** (a/k/a and a/d/b/a **SURGE TRAMPOLINE PARK**), a limited liability company; **A,** whether singular or plural, that entity which owned, operated, maintained, supervised, and/or otherwise controlled Surge Trampoline Park on and before January 5, 2020; **B,** whether singular or plural, that entity or those entities, if different from the named defendants, who or which owned, maintained, operated, controlled, or leased the premises where plaintiff's injury occurred on the occasion made the basis of this action; **C,** whether singular or plural, that entity or those entities who or which were the master or principal of those employees, or who had the right of control over the employees described fictitiously as "E" through "I", whose negligence or wantonness proximately caused Plaintiff's injuries and damages; **D,** whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, who or which conducted any safety training, inspection or analysis of, or with regard to the employees described fictitiously as "E" through "I"; **E,** whether singular or plural, that individual who was an employee, representative and/or agent of either of the named or fictitious defendants and who was responsible for supervising, monitoring, and/or refereeing (however designated) the use of trampolines at the arena on the occasion made the basis of this action; **F,** whether singular or plural, that individual who was an employee, representative and/or agent of either of the named or fictitious defendants and who allowed, encouraged, permitted, and/or otherwise condoned the use of the subject trampoline by multiple individuals, including A.L., at the same time on the occasion made the basis of this lawsuit; **G,** whether singular or plural, that individual who was responsible for supervising, monitoring, and/or refereeing (however designated) the use of the "Wipeout" at the arena that made the basis of this action; **H,** whether singular or plural, that individual who was an employee, representative and/or agent of either of the named or fictitious defendants and who failed to apprise A.L. of the safety rules and regulations in effect at Surge Trampoline Park on the occasion made the basis of this lawsuit; **I,** whether singular or plural, that individual or entity who or which was responsible for supervising, training, and/or monitoring the individual or individuals described as Fictitious Defendants E through H; **J,** whether singular or plural, that individual, other than those described above, whose negligence, wantonness and/or other wrongful conduct caused or contributed to causing A.L.'s injuries on January 5, 2020; **K,** whether singular or plural, that entity or those entities other than those described above, which is the successor in interest of any of those entities described above; **L,** whether singular or plural, that entity or those entities other than those described above, which was the predecessor corporation of any of the entities described above.

Defendants                                        *

EXHIBIT A

\*       \*       \*       \*       \*       \*

## COMPLAINT

Plaintiff, A.L., alleges the following against the Defendants:

### Parties

1.      Plaintiff, A.L., is a minor child and resident of Mobile County. Mary Lofton is the custodial parent of this minor child and is bringing this action on her behalf, and at all times material to this Complaint, was a citizen of the State of Alabama residing in Mobile County, Alabama.

2.      Defendant, BENO TRAMPOLINE PARKS, LLC (hereinafter referred to as "Defendant"), is a limited liability company incorporated in the State of Louisiana, registered as a foreign limited liability company in Alabama, and was doing business in Alabama at all times material to this complaint.

3.      The parties described fictitiously in the caption as "A" through "L", are those fictitious party defendants whose identity is otherwise unknown to the plaintiff at this time, or if their names are known, their identity as proper party defendants is not known to plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

### Statement of Facts Common to All Counts

4.      On and before January 30, 2020, Defendant, and one or more of the parties described fictitiously as A, B, C, D, K, and L owned, operated, managed, maintained, and/or otherwise controlled Surge Trampoline Park located at 120 Wildwood Pkwy Homewood, AL 35209.

5.      Surge Trampoline Park is an extreme trampoline park open to the general public. The park has many attractions including: trampolines, an arcade, a trapeze, a dodgeball arena, a basketball enclosure, and climbing features.

6.      On one of the attractions, Wipeout (hereinafter referred to as "Wipeout"), is an attraction that is centered with a spinning apparatus with a protruding arm, approximately ten (10) feet from the center, surrounded by eight interlocking trampolines, each with an isosceles trapezoid shape. The goal for patrons is to jump high enough to jump over arm while it is spinning.

7.      Prior to January 5, 2020, Defendant and Defendant's employees had received multiple complaints of injuries suffered by individuals utilizing the trampolines and ambulances had been called to the park on multiple occasions to provide medical care, treatment, and/or transport.

8.      On or about January 5, 2020, A.L., her mother, and certain friends and family were invitees at Surge Trampoline Park.

EXHIBIT A

9.      At the time and place stated above, Defendant, and numerous other invitees of all ages, were jumping on the Wipeout as well as adjacent trampolines. Neither Defendant nor Defendant's employees restricted A.L. from going into the trampoline arena, or onto the Wipeout attraction.

10.      Before authorizing and allowing A.L. to utilize the trampolines, neither Defendant nor Defendant's employees informed A.L., or guardian, about any safety rules, warned A.L., or guardian, about safe and/or unsafe practices, or provided A.L., or guardian, with any information or instructions with regard to safety rules.

11.      After observing other invitees executing attempting to jump over the protruding arm on the Wipeout attraction, A.L. attempted to jump over the arm as it was spinning. As A.L. ascended, the protruding arm struck A.L. on the right thigh, breaking her right femur.

12.      At all times material to this Complaint, Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, failed to properly train its employees and/or failed to provide an adequate number of qualified and sufficiently trained employees to properly supervise invitees utilizing the Wipeout attraction.

13.      On and before January 5, 2020, and at all times material to this Complaint, Defendant, Defendant's employees, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, knew or should have known that trampoline parks created a high risk of injury to invitees and that it was unreasonably dangerous to allow multiple individuals to use any trampoline in its trampoline park at any given time.

14.      A.L. was then transported to the Benjamin Russell Hospital for Children Emergency Room where she was treated for a broken femur of her left leg. On or about January 6, 2020, an emergency surgery was performed to repair A.L.'s right femur. A.L. was discharged from the Benjamin Russell Hospital for Children on January 8, 2020.

15.      Subsequent to the initial surgery, A.L. has had to undergo physical therapy and have a second surgery.

16.      Upon information or belief, Defendant, Defendant's employees, and/or one or more of the parties described fictitiously as A, B, C, D, K and L, also calibrated or setup the Wipeout attraction at unreasonably dangerous settings to allow faster spinning and significantly increased the likelihood of injury.

17.      Despite these known risks, Defendant, Defendant's employees, and/or one or more of the parties described fictitiously as A, B, C, D, K and L and its employees ignored or chose not to enforce its own safety rules, and routinely allowed individuals to jump on unsafe equipment.

**COUNT ONE-NEGLIGENCE**

EXHIBIT A

18.     Plaintiff re-alleges all of the factual allegations set forth in the previous paragraphs, and further alleges as follows:

19.     On or about January 5, 2020, Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, had a duty to use reasonable care in the ownership, operation, supervision, management, maintenance, and control of the Surge Trampoline Park.

20.     At the time and place stated above, Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and/or L, negligently breached the duty owed to invitees, including A.L., in one or more of the following respects:

   a)  By using equipment, which is unreasonably and foreseeably dangerous;

   b)  By failing to obtain proper equipment and safety devices;

   c)  By failing to operate the Wipeout attraction in a reasonably safe manner;

   d)  By failing to establish appropriate safety rules and regulations for the use of trampolines and attractions;

   e)  By failing to establish appropriate procedures, rules and regulations for employees to follow in addressing foreseeable, dangerous usage of trampolines and attractions by invitees;

   f)  By failing to enforce the manufacturer's rules and prohibitions in accordance with the User's Manual;

   g)  By failing to establish or implement appropriate procedures to ensure that employees were trained to provide appropriate instruction and warning to invitees with regard to the safe and proper use of trampolines and attractions;

   h)  By failing to supervise and/or adequately supervise and control the conduct of employees in and about the enforcement of safety rules and regulations in effect at the Wipeout attraction;

   i)  By failing to provide an adequate number of qualified and sufficiently trained employees to properly supervise individuals utilizing the Wipeout attraction;

   j)  By failing to train and educate employees in the recognition and prevention of unsafe practices with regard to the use of trampolines and attractions;

   k)  By failing to apprise invitees, including Plaintiff, of safety rules and regulations before allowing them to jump on trampolines or utilize attractions;

   l)  By failing to enforce its own safety rules and regulations;

EXHIBIT A

m) By failing to warn and educate invitees, including Plaintiff, about the dangers and risks associated with extreme trampoline parks before allowing them to use the Wipeout attraction, trampolines, and other facilities;

n) By failing to hire qualified monitors and/or supervisors to ensure the safety of individuals using the trampolines and attractions located inside the facility;

o) By failing to properly and/or adequately train monitors and/or supervisors in the appropriate use and the inappropriate use of the trampolines and attractions; and,

p) By failing to provide any written, oral, or audio-visual instruction or guidance concerning the safe usage of trampolines and attractions located on the premises.

21.     As a proximate consequence of the Defendant's negligence, Plaintiff was caused to suffer the following injuries and damages:

a) She suffered a catastrophic, life-altering leg injury;

b) She suffered a severe, traumatic fracture to her right femur;

c) She underwent two different surgeries to-date and may need a third surgery in order to help restore function to her right leg;

d) She was required to have a catheter implanted to administer IV antibiotics;

e) She suffered and will continue to suffer extreme physical pain, mental suffering, and emotional distress;

f) She suffered permanent injury, disability, and disfigurement;

g) She suffered a loss of her enjoyment of life;

h) She has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of her injuries; and,

i) She was caused to suffer and in the future will suffer a substantial loss of earnings and wages, and other benefits.

WHEREFORE, the Plaintiff requests that the jury selected to hear this cause render a verdict for the Plaintiff and against each Defendant, in an amount to be determined by the jury, together with interest, costs, and any other relief to which she may be entitled.

## COUNT TWO-WANTONESS

22.     Plaintiff re-alleges all of the factual allegations set forth in the previous paragraphs, and further alleges as follows:

5

EXHIBIT A

23.     On or about January 5, 2020, Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, wantonly breached the duty owed to invitees, including A.L., in the manner described in Count One.

24.     As a proximate consequence of the Defendant's wantonness, A.L. was caused to suffer the injuries and damages described in Count One.

        WHEREFORE, PREMISES CONSIDERED, plaintiff requests that the jury selected to hear this case render a verdict in favor of plaintiff against defendants, including the fictitious party defendants named and described in the caption hereof, jointly and severally, and award compensatory damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages, past and future, due to the defendants' wrongful acts. Further, plaintiff requests that the jury award punitive damages in an amount which will adequately reflect the enormity of the defendants' wrongful conduct and which will effectively prevent other similar wrongful acts. Finally, plaintiff requests that the Court enter judgment consistent with the verdict, and that it award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT THREE-VICARIOUS LIABILITY

25.     Plaintiff re-alleges all of the factual allegations set forth in the previous paragraphs, and further alleges as follows:

26.     On or about January 5, 2020, Defendant's employees, including, but not limited to, staff and/or one or more of the parties described fictitiously in the caption as "E" through "J", (hereinafter referred to collectively as "the Defendant's employees") were present at the Surge Trampoline Park.

27.     At the time and place stated above, and at all times material to this Complaint, Defendant's employees were working within the line and scope of their employment with Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L.

28.     At all times material to this Complaint, Defendant's employees had a duty to use reasonable care in the operation, supervision, management, maintenance, and control of the Surge Trampoline Park.

29.     At the time and place stated above, Defendant's employees, negligently and/or wantonly breached the duty owed to invitees, including A.L., in one or more of the following respects:

        a)  By altering and/or installing the equipment in such a way that endangered the invitees of Surge Trampoline Park.

        b)  By failing to enforce the safety rules and regulations in effect by Surge Trampoline Park;

EXHIBIT A

c)  By failing to enforce the manufacturer's rules and prohibitions in accordance with the User's Manual;

d)  By failing to notify and/or to warn invitees, including Plaintiff, of safety hazards associated with the use of the Wipeout attraction and trampolines;

e)  By failing to provide any written, oral, or audio-visual instruction or guidance concerning the safe usage of trampolines and attractions located on the premises;

f)  By failing to properly supervise individuals utilizing the Wipeout attraction and trampolines to ensure that safety rules were followed;

g)  By failing to properly apprise Plaintiff of the safety rules and regulations prior to allowing her to use the Wipeout attraction and trampolines;

h)  By failing to properly and/or adequately supervise and/or control invitees, including Plaintiff, in and about the use of the Wipeout attraction and trampolines.

30.    As a proximate consequence of negligent and/or wanton conduct of Defendant's employees, A.L. was caused to suffer the injuries and damages described in Count One.

31.    Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, is vicariously liable to A.L. for the negligence of Defendant's employees.

WHEREFORE, PREMISES CONSIDERED, plaintiff requests that the jury selected to hear this case render a verdict in favor of plaintiff against defendants, including the fictitious party defendants named and described in the caption hereof, jointly and severally, and award compensatory damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages, past and future, due to the defendants' wrongful acts. Further, plaintiff requests that the jury award punitive damages in an amount which will adequately reflect the enormity of the defendants' wrongful conduct and which will effectively prevent other similar wrongful acts. Finally, plaintiff requests that the Court enter judgment consistent with the verdict, and that it award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

Respectfully submitted,

   /s/ JACOB L. SNOW   
JACOB L. SNOW (SNO019)
Attorney for Plaintiff
PO Box 769
McIntosh, AL 36553
(251) 656-9737
JLSnowAttorneyatlaw@gmail.com

EXHIBIT A

**Plaintiff demands trial by struck jury on all raised herein.**

**Plaintiff's Address:**

2640 W. Coy Smith Hwy.
Mt. Vernon, AL 36560

## CERTIFICATE OF SERVICE

I do certify, on this 4th day of January, 2022, a copy of the foregoing has been served upon the party by certified mail addressed as follows:

BENO Trampoline Parks, LLC
Attn: Darren Balsamo
2506 Pepperell Parkway
Opelika, AL 36801

         /s/ JACOB L. SNOW

JACOB L. SNOW (SNO019)

8

EXHIBIT A

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-900031.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### AUBRIANA LOFTON V. BENO TRAMPOLINE PARKS, LLC

**NOTICE TO:** BENO TRAMPOLINE PARKS, LLC, 2506 PEPPERELL PARKWAY, OPELIKA, AL 36801
<i>(Name and Address of Defendant)</i>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JACOB L SNOW
<i>[Name(s) of Attorney(s)]</i>

WHOSE ADDRESS(ES) IS/ARE: PO Box 679, MCINTOSH, AL 36553
<i>[Address(es) of Plaintiff(s) or Attorney(s)]</i>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

#### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of AUBRIANA LOFTON
<i>[Name(s)]</i>

pursuant to the Alabama Rules of the Civil Procedure.

| 01/04/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JACOB L SNOW
<i>(Plaintiff's/Attorney's Signature)</i>

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
<i>(Date)</i>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
<i>(Name of Person Served)</i>          <i>(Name of County)</i>

Alabama on _____ .
<i>(Date)</i>

| | | |
| --- | --- | --- |
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

EXHIBIT A

ELECTRONICALLY FILED
2/22/2022 12:57 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **A.L., a minor, suing through her custodial parent and next friend, MARY LOFTON,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **CV – 2022 – 900031 – THJ** |
| **BENO TRAMPOLINE PARKS, LLC, et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

## NOTICE OF APPEARANCE

**COMES NOW** the undersigned counsel, Brenden Smith, and enters his appearance as counsel of record on behalf of the Plaintiffs in the above-styled case.

**DATED: February 22, 2022**

Respectfully submitted,

*/s/ Brenden L. Smith*
Brenden L. Smith (SMI398)
Attorney for Plaintiffs
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7850
e. bsmith@rubiofirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this February 22,

1

EXHIBIT A

2022.

**Beno Trampoline Parks, LLC**
2506 Pepperell Parkway
Opelika, Alabama, 36801

_/s/ Brenden Smith_
Of Counsel

EXHIBIT A

DOCUMENT 7
ELECTRONICALLY FILED
2/22/2022 1:10 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

-00955-JHE Document 1-1 Filed 07/29/22



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Aceno Trampoline Parks, LLC
Attn: Darren Balsamo
2004 Pepperell Pkwy.
Opelika, AL. 36801

9590 9402 5758 0003 3357 82

2. Article Number (Transfer from service label)

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

B. Received by (Printed Name)
DEdwards CG

D. Is delivery address different from i
If YES, enter delivery address be

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
    (over $500)

EXHIBIT A

DOCUMENT 7



USPS TRACKING #

MONTGOMERY AL 360

9590 9402 5758 0003 3357 82

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Jacob L. Snow, JD
Attorney at Law

Jacob L. Snow, Esq.
Attorney at Law
PO Box 679
McIntosh, AL 36553

EXHIBIT A

ELECTRONICALLY FILED
3/9/2022 4:05 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| A.L. a minor suing by through her custodial parent and next friend, MARY LOFTON, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * * | **CIVIL ACTION NO.** **CV-2022-900031.00** |
| BENO TRAMPOLINE PARKS, LLC, et al | * * * | |
| Defendants. | * | |

**DEFENDANT BENO TRAMPOLINE PARKS, LLC'S**
**NOTICE OF LIMITED AND SPECIAL APPEARANCE**

COMES NOW George C. Gaston, Esq., and hereby files his *Notice of Limited and Special Appearance* on behalf of Defendant BENO TRAMPOLINE PARKS, LLC, specifically and solely for purposes of moving to dismiss Plaintiff's Complaint for insufficiency of process pursuant to Rule 12(b)(4) of the *Alabama Rules of Civil Procedure,* such that this Court lacks personal jurisdiction over Defendant.

Respectfully submitted,

/s/ George C. Gaston
GEORGE C. GASTON (GAS012)
Galloway, Johnson, Tompkins, Burr & Smith, PLC
63 S. Royal Street, Suite 302
Mobile, Alabama 36602
Telephone: (251) 438-7850
Facsimile: (251) 438-7875
ggaston@gallowaylawfirm.com
*Attorney for Defendant BENO Trampoline Parks, LLC*

1

EXHIBIT A

### **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 9th day of March, 2022, caused a copy of the foregoing to be served on counsel for all parties of record by the electronic notification given by AlaFile at the time of filing on this day.

Jacob L. Snow
PO Box 769
McIntosh, Alabama 36553
Telephone: (251) 656-9737
JLSnowAttorneyatlaw@gmail.com
*Attorneys for Plaintiff*

Brenden L. Smith
Rubio Law Firm, P.C.
490 Wildwood No. Cir., Ste. 150
Birmingham, Alabama 35209
Telephone: (205) 443-7850
bsmith@rubiofirm.com

/s/ George C. Gaston
OF COUNSEL

2

EXHIBIT A

ELECTRONICALLY FILED
3/9/2022 4:33 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**STATE OF ALABAMA**
Unified Judicial System

01-JEFFERSON

☐ District Court  ☑ Circuit Court

Revised 3/5/08

Cas

CV2

---

AUBRIANA LOFTON V. BENO TRAMPOLINE PARKS, LLC

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:* D001 - BENO TRAMPOLINE PARKS, LLC

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

GEORGE CARROLL GASTON

63 SO. ROYAL STREET, SUITE 302

MOBILE, AL 36602

*Attorney Bar No.:* GAS012

☐ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)   ☐

Date:

3/9/2022 4:08:49 PM

Signature of Attorney or Party

/s/ GEORGE CARROLL GASTON

---

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

EXHIBIT A

ELECTRONICALLY FILED
3/9/2022 4:33 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| A.L. a minor suing by through her custodial parent and next friend, MARY LOFTON, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * * | **CIVIL ACTION NO.** **CV-2022-900031.00** |
| BENO TRAMPOLINE PARKS, LLC, et al | * * * | |
| Defendants. | * | |

**DEFENDANT BENO TRAMPOLINE PARKS, LLC'S**
**<u>MOTION TO DISMISS</u>**

COMES NOW Defendant BENO TRAMPOLINE PARKS, LLC ("Defendant"), by and through undersigned counsel[1], and moves, pursuant to Rule 12(b)(4) of the *Alabama Rules of Civil Procedure*, to dismiss the Complaint filed by Plaintiff A.L., a minor suing by and through her custodial parent and next friend, MARY LOFTON ("Plaintiff"). In support of said motion, Defendant states as follows:

**<u>INTRODUCTION</u>**

Plaintiff's Complaint asserts against Defendant claims for negligence, wantonness, and vicarious liability arising out of an alleged accident that occurred while the minor was on Defendant's premises. Plaintiff has failed to perfect service on Defendant. Accordingly, this court lacks jurisdiction over Defendant, and the Complaint should be dismissed.

---

[1] Undersigned counsel have filed their Notice of Limited and Special Appearance on behalf of Defendant specifically and solely for purposes of moving to dismiss Plaintiff's Complaint for insufficiency of process pursuant to Rule 12(b)(4) of the *Alabama Rules of Civil Procedure*.

EXHIBIT A

## BACKGROUND AND PROCEDURAL HISTORY

1.      On January 4, 2022, at **8:02 p.m.**, Plaintiff filed her Complaint. *See* Doc. 2. Plaintiff's attorney at this time was Jacob L. Snow.

2.      Plaintiff did not request service of Defendant in the Complaint. *See* Doc. 2. Instead, Mr. Snow certified that a copy of the "foregoing" (i.e. the Complaint itself but not the summons) had been served upon Defendant via certified mail.

3.      On January 5, 2022, Shannon Gallaway received a USPS priority mail express envelope. *See* Affidavit of Shannon Gallaway, Exhibit "1", ¶ 3. She is an employee at Defendant's Opelika location. *See* Ex. 1, ¶ 2. The envelope contained an eight (8) page document. *See* Ex. 1, ¶ 3; *see* Ex 1-A. The document included in the envelope was a pre-filed copy of the Complaint with no summons. *See* Ex. 1-A.

4.      The envelope reflects that on January 4, 2022, at **3:50 p.m.**, the postal service accepted the envelope with a scheduled delivered date of January 5, 2022. *See* Exhibit 1-A.

5.      On February 22, 2022, Brenden L. Smith filed his Notice of Appearance as counsel of record on behalf of Plaintiff. *See* Doc. 5. Mr. Smith also filed a return of service in an attempt to show that proper service upon Defendant had been perfected. *See* Doc. 7.

6.      Upon information and belief, Mr. Snow no longer represents Plaintiff, although he has not filed a notice of withdrawal.

## ARGUMENT

To obtain personal jurisdiction over a party by service of process, the record must establish that the plaintiff complied with requisite procedural rules. Rule 4 of the *Alabama Rules of Civil Procedure* governs service upon defendants within the state. The Alabama Supreme Court has recognized that:

EXHIBIT A

[o]ne of the requisites for personal jurisdiction over a defendant is 'perfected service' of process giving notice to the defendant of the suit being brought.' 'When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.' A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.

*Horizons 2000, Inc. v. Smith*, 620 So. 2d 606, 607 (Ala. 1993) (citations omitted). Here, the Court lacks personal jurisdiction over Defendant because Defendant has not been properly served.

ARCP Rule 4(i)(2)(B)(i) applies in the event of service by certified mail by the clerk. Otherwise, ARCP Rule 4(i)(2)(B)(ii) applies and requires as follows:

"Alternatively, the attorney or party filing the process and complaint or other document to be served may obtain a copy of the filed pleading from the clerk or, if the pleading was filed electronically, use the copy returned electronically by the clerk. The attorney or party shall then place that copy of the process and complaint or other document to be served in an envelope and address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision. The attorney or party shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. The return receipt shall be addressed to the clerk of the court issuing the process and shall identify the case number of the case in which the pleading has been filed. Upon mailing, the attorney or party shall immediately file with the court an "Affidavit of Certified Mailing of Process and Complaint." That affidavit shall verify that a filed copy of the process and complaint or other document to be served has been mailed by certified mail in accordance with this rule."

It is undisputed that Mr. Snow triggered the requirements of ARCP Rule 4(i)(2)(B)(ii) by taking it upon himself to attempt to perfect service upon Defendant via certified mail. Based upon a review of Alacourt and the envelope and its contents which were received by Ms. Gallaway, it is apparent that Mr. Snow failed to comply with ARCP Rule 4(i)(2)(B)(ii) in the following ways:

3

EXHIBIT A

1.      The envelope contained merely a copy of the Complaint and not the summons. Mr. Snow electronically filed the Complaint at 8:02 p.m., several hours after handing over the envelope to the postal service at 3:50 p.m. So, no copy of the summons would have been available for Mr. Snow to be able to include in the envelope.

2.      Mr. Snow did not include in the envelope a "copy returned electronically by the clerk". The Complaint did not even include the case number. Again, it would have impossible for Mr. Snow to include a filed copy of the Complaint along with the case number, since he handed the envelope to the postal service several hours before actually filing the lawsuit.

3.      The return receipt which was included on the envelope was addressed back to Mr. Snow's office, and not to the clerk of this Court.

4.      Also, the return receipt failed to identify the case number. In fact, as of yet no case number existed at the time Mr. Snow handed over the envelope to the postal service because he had not yet filed the lawsuit.

5.      Mr. Snow failed upon mailing the envelope to "immediately file with the court an 'Affidavit of Certified Mailing of Process of Complaint'. For that matter, Mr. Snow never filed such an Affidavit. Furthermore, the envelope included merely the pre-filed copy of the Complaint and not the summons. So, even had Mr. Snow filed such an Affidavit with  the Court, he could not have verified in the Affidavit that a filed copy of the process and complaint had been mailed by certified mail in accordance with the rule.

Based on the foregoing, Plaintiff has failed to properly serve Defendant with the summons and complaint. Consequently, this Court does not have personal jurisdiction over Defendant, and it is proper for this Court to grant this motion to dismiss pursuant to ARCP Rule 12(b)(4) based on insufficiency of process.

4

EXHIBIT A

WHEREFORE, Defendant BENO Trampoline Parks, LLC requests this Honorable Court dismiss Plaintiff's Complaint due to improper process under Alabama law. Defendant further requests any and all other relief this Honorable Court deems just and proper as a matter of law.

Respectfully submitted this 9th day of March, 2022.

Respectfully submitted,

/s/ George C. Gaston
GEORGE C. GASTON (GAS012)
Galloway, Johnson, Tompkins, Burr & Smith, PLC
63 S. Royal Street, Suite 302
Mobile, Alabama 36602
Telephone: (251) 438-7850
Facsimile: (251) 438-7875
ggaston@gallowaylawfirm.com
*Attorney for Defendant BENO Trampoline Parks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 9th day of March, 2022, caused a copy of the foregoing to be served on counsel for all parties of record by the electronic notification given by AlaFile at the time of filing on this day.

Jacob L. Snow
PO Box 769
McIntosh, Alabama 36553
Telephone: (251) 656-9737
JLSnowAttorneyatlaw@gmail.com
*Attorneys for Plaintiff*

Brenden L. Smith
Rubio Law Firm, P.C.
490 Wildwood No. Cir., Ste. 150
Birmingham, Alabama 35209
Telephone: (205) 443-7850
bsmith@rubiofirm.com

/s/ George C. Gaston
OF COUNSEL

5

EXHIBIT A

ELECTRONICALLY FILED
3/9/2022 4:33 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| A.L. a minor suing by through her custodial parent and next friend, MARY LOFTON, | * | |
| | * | |
| | * | |
| | * | **CIVIL ACTION NO.** |
| Plaintiffs, | * | **CV-2022-900031.00** |
| | * | |
| v. | * | |
| | * | |
| BENO TRAMPOLINE PARKS, LLC | * | |
| | * | |
| Defendant. | * | |

### AFFIDAVIT OF SHANNON GALLAWAY

Before me, the undersigned notary public, personally appeared Shannon Gallaway, who deposes and says as follows:

1.     My name is Shannon Gallaway, I am an adult over the age of nineteen (19) years, and I have personal knowledge of the facts and matters stated herein.

2.     I am an employee of Surge Adventure Park. I work at the facility located at 2506 Pepperell Parkway, Opelika, Alabama 36801.

3.     On January 5, 2022, I received a USPS priority mail express envelope. The envelope contained an eight (8) page document. True and correct copies of the envelope and the entirety of contents contained therein are attached hereto as Exhibit "A".

4.     Further Affiant sayeth not.

SHANNON GALLAWAY

STATE OF ALABAMA      )
COUNTY OF LEE          )

I, the undersigned Notary Public in and for said County in said State, hereby certify that **Shannon Gallaway**, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me the she voluntarily executed the same.

Given under my hand and official seal on this ___9___ day of _March_, 2022.

NOTARY PUBLIC

My Commission Expires: 11/1/2025

Notary Public, Alabama State at Large
Tessa McCormick
Expires 11/1/2025

EXHIBIT A

# EXHIBIT A

DOCUMENT 14



ELECTRONICALLY FILED
3/9/2022 4:33 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

EXHIBIT A



EXHIBIT A

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**A.L.,** a minor  suing by through her          *
custodial parent and next friend,
**MARY LOFTON,**                                 *

       Plaintiffs                                 *

                                  DOCUMENT 14

vs.                                              *   **CIVIL ACTION:** _____

**BENO TRAMPOLINE PARKS, LLC** (a/k/a and a/d/b/a **SURGE TRAMPOLINE PARK**), a limited liability company; **A,** whether singular or plural, that entity which owned, operated, maintained, supervised, and/or otherwise controlled Surge Trampoline Park on and before January 5, 2020; **B,** whether singular or plural, that entity or those entities, if different from the named defendants, who or which owned, maintained, operated, controlled, or leased the premises where plaintiff's injury occurred on the occasion made the basis of this action; **C,** whether singular or plural, that entity or those entities who or which were the master or principal of those employees, or who had the right of control over the employees described fictitiously as "E" through "I", whose negligence or wantonness proximately caused Plaintiff's injuries and damages; **D,** whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, who or which conducted any safety training, inspection or analysis of, or with regard to the employees described fictitiously as "E" through "I"; **E,** whether singular or plural, that individual who was an employee, representative and/or agent of either of the named or fictitious defendants and who was responsible for supervising, monitoring, and/or refereeing (however designated) the use of trampolines at the arena on the occasion made the basis of this action; **F,** whether singular or plural, that individual who was an employee, representative and/or agent of either the named or fictitious defendants and who allowed, encouraged, permitted, and/or otherwise condoned the use of the subject trampoline by multiple individuals, including A.L., at the same time on the occasion made the basis of this lawsuit; **G,** whether singular or plural, that individual who was responsible for supervising, monitoring, and/or refereeing (however designated) the use of the "Wipeout" at the arena that made the basis of this action; **H,** whether singular or plural, that individual who was an employee, representative and/or agent of either of the named or fictitious defendants and who failed to apprise A.L. of the safety rules and regulations in effect at Surge Trampoline Park on the occasion made the basis of this lawsuit; **I,** whether singular or plural, that individual or entity who or which was responsible for supervising, training, and/or monitoring the individual or individuals described as Fictitious Defendants E through H; **J,** whether singular or plural, that individual, other than those described above, whose negligence, wantonness and/or other wrongful conduct caused or contributed to causing A.L.'s injuries on January 5, 2020; **K,** whether singular or plural, that entity or those entities other than those described above, which is the successor in interest of any of those entities described above; **L,** whether singular or plural, that entity or those entities other than those described above, which was the predecessor corporation of any of the entities described above.

Defendants                                       *

1

**EXHIBIT A**

*    *    *    *    *    *

## COMPLAINT

Plaintiff, A.L., alleges the following against the Defendants:

### Parties

DOCUMENT 14

1.     Plaintiff, A.L., is a minor child and resident of Mobile County. Mary Lofton is the custodial parent of this minor child and is bringing this action on her behalf, and at all times material to this Complaint, was a citizen of the State of Alabama residing in Mobile County, Alabama.

2.     Defendant, BENO TRAMPOLINE PARKS, LLC (hereinafter referred to as "Defendant"), is a limited liability company incorporated in the State of Louisiana, registered as a foreign limited liability company in Alabama, and was doing business in Alabama at all times material to this complaint.

3.     The parties described fictitiously in the caption as "A" through "L", are those fictitious party defendants whose identity is otherwise unknown to the plaintiff at this time, or if their names are known, their identity as proper party defendants is not known to plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

### Statement of Facts Common to All Counts

4.     On and before January 30, 2020, Defendant, and one or more of the parties described fictitiously as A, B, C, D, K, and L owned, operated, managed, maintained, and/or otherwise controlled Surge Trampoline Park located at 120 Wildwood Pkwy Homewood, AL 35209.

5.     Surge Trampoline Park is an extreme trampoline park open to the general public. The park has many attractions including: trampolines, an arcade, a trapeze, a dodgeball arena, a basketball enclosure, and climbing features.

6.     On one of the attractions, Wipeout (hereinafter referred to as "Wipeout"), is an attraction that is centered with a spinning apparatus with a protruding arm, approximately ten (10) feet from the center, surrounded by eight interlocking trampolines, each with an isosceles trapezoid shape. The goal for patrons is to jump high enough to jump over arm while it is spinning.

7.     Prior to January 5, 2020, Defendant and Defendant's employees had received multiple complaints of injuries suffered by individuals utilizing the trampolines and ambulances had been called to the park on multiple occasions to provide medical care, treatment, and/or transport.

8.     On or about January 5, 2020, A.L., her mother, and certain friends and family were invitees at Surge Trampoline Park.

2

EXHIBIT A

9.      At the time and place stated above, Defendant, and numerous other invitees of all ages, were jumping on the Wipeout as well as adjacent trampolines. Neither Defendant nor Defendant's employees restricted A.L. from going into the trampoline arena, or onto the Wipeout attraction.

10.     Before authorizing and allowing A.L. to utilize the trampolines, neither Defendant nor Defendant's employees informed A.L., or guardian, about any safety rules, warned A.L., or guardian, about safe and/or unsafe practices, or provided A.L. or guardian with any information or instructions with regard to safety rules.

11.     After observing other invitees executing attempting to jump over the protruding arm on the Wipeout attraction, A.L. attempted to jump over the arm as it was spinning. As A.L. ascended, the protruding arm struck A.L. on the right thigh, breaking her right femur.

12.     At all times material to this Complaint, Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, failed to properly train its employees and/or failed to provide an adequate number of qualified and sufficiently trained employees to properly supervise invitees utilizing the Wipeout attraction.

13.     On and before January 5, 2020, and at all times material to this Complaint, Defendant, Defendant's employees, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, knew or should have known that trampoline parks created a high risk of injury to invitees and that it was unreasonably dangerous to allow multiple individuals to use any trampoline in its trampoline park at any given time.

14.     A.L. was then transported to the Benjamin Russell Hospital for Children Emergency Room where she was treated for a broken femur of her left leg. On or about January 6, 2020, an emergency surgery was performed to repair A.L.'s right femur. A.L. was discharged from the Benjamin Russell Hospital for Children on January 8, 2020.

15.     Subsequent to the initial surgery, A.L. has had to undergo physical therapy and have a second surgery.

16.     Upon information or belief, Defendant, Defendant's employees, and/or one or more of the parties described fictitiously as A, B, C, D, K and L, also calibrated or setup the Wipeout attraction at unreasonably dangerous settings to allow faster spinning and significantly increased the likelihood of injury.

17.     Despite these known risks, Defendant, Defendant's employees, and/or one or more of the parties described fictitiously as A, B, C, D, K and L and its employees ignored or chose not to enforce its own safety rules, and routinely allowed individuals to jump on unsafe equipment.

**COUNT ONE-NEGLIGENCE**

3

**EXHIBIT A**

18.    Plaintiff re-alleges all of the factual allegations set forth in the previous paragraphs, and further alleges as follows:

19.    On or about January 5, 2020, Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, had a duty to use reasonable care in the ownership, operation, supervision, management, maintenance, and control of the Surge Trampoline Park.

20.    At the time and place stated above, Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and/or L, negligently breached the duty owed to invitees, including A.L., in one or more of the following respects:

a)    By using equipment, which is unreasonably and foreseeably dangerous;

b)    By failing to obtain proper equipment and safety devices;

c)    By failing to operate the Wipeout attraction in a reasonably safe manner;

d)    By failing to establish appropriate safety rules and regulations for the use of trampolines and attractions;

e)    By failing to establish appropriate procedures, rules and regulations for employees to follow in addressing foreseeable, dangerous usage of trampolines and attractions by invitees;

f)    By failing to enforce the manufacturer's rules and prohibitions in accordance with the User's Manual;

g)    By failing to establish or implement appropriate procedures to ensure that employees were trained to provide appropriate instruction and warning to invitees with regard to the safe and proper use of trampolines and attractions;

h)    By failing to supervise and/or adequately supervise and control the conduct of employees in and about the enforcement of safety rules and regulations in effect at the Wipeout attraction;

i)    By failing to provide an adequate number of qualified and sufficiently trained employees to properly supervise individuals utilizing the Wipeout attraction;

j)    By failing to train and educate employees in the recognition and prevention of unsafe practices with regard to the use of trampolines and attractions;

k)    By failing to apprise invitees, including Plaintiff, of safety rules and regulations before allowing them to jump on trampolines or utilize attractions;

l)    By failing to enforce its own safety rules and regulations;

4

EXHIBIT A

m) By failing to warn and educate invitees, including Plaintiff, about the dangers and risks associated with extreme trampoline parks before allowing them to use the Wipeout attraction, trampolines, and other facilities;

n) By failing to hire qualified monitors and/or supervisors to ensure the safety of individuals using the trampolines and attractions located inside the facility;

o) By failing to properly and/or adequately train monitors and/or supervisors in the appropriate use and the inappropriate use of the trampolines and attractions; and,

p) By failing to provide any written, oral, or audio-visual instruction or guidance concerning the safe usage of trampolines and attractions located on the premises.

21.   As a proximate consequence of the Defendant's negligence, Plaintiff was caused to suffer the following injuries and damages:

a) She suffered a catastrophic, life-altering leg injury;

b) She suffered a severe, traumatic fracture to her right femur;

c) She underwent two different surgeries to-date and may need a third surgery in order to help restore function to her right leg;

d) She was required to have a catheter implanted to administer IV antibiotics;

e) She suffered and will continue to suffer extreme physical pain, mental suffering, and emotional distress;

f) She suffered permanent injury, disability, and disfigurement;

g) She suffered a loss of her enjoyment of life;

h) She has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of her injuries; and,

i) She was caused to suffer and in the future will suffer a substantial loss of earnings and wages, and other benefits.

WHEREFORE, the Plaintiff requests that the jury selected to hear this cause render a verdict for the Plaintiff and against each Defendant, in an amount to be determined by the jury, together with interest, costs, and any other relief to which she may be entitled.

## COUNT TWO-WANTONESS

22.   Plaintiff re-alleges all of the factual allegations set forth in the previous paragraphs, and further alleges as follows:

EXHIBIT A

23.     On or about January 5, 2020, Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, wantonly breached the duty owed to invitees, including A.L., in the manner described in Count One.

24.     As a proximate consequence of the Defendant's wantonness, A.L. was caused to suffer the injuries and damages described in Count One.

DOCUMENT 14

        WHEREFORE, PREMISES CONSIDERED, plaintiff requests that the jury selected to hear this case render a verdict in favor of plaintiff against defendants, including the fictitious party defendants named and described in the caption hereof, jointly and severally, and award compensatory damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages, past and future, due to the defendants' wrongful acts. Further, plaintiff requests that the jury award punitive damages in an amount which will adequately reflect the enormity of the defendants' wrongful conduct and which will effectively prevent other similar wrongful acts. Finally, plaintiff requests that the Court enter judgment consistent with the verdict, and that it award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT THREE-VICARIOUS LIABILITY

25.     Plaintiff re-alleges all of the factual allegations set forth in the previous paragraphs, and further alleges as follows:

26.     On or about January 5, 2020, Defendant's employees, including, but not limited to, staff and/or one or more of the parties described fictitiously in the caption as "E" through "J", (hereinafter referred to collectively as "the Defendant's employees") were present at the Surge Trampoline Park.

27.     At the time and place stated above, and at all times material to this Complaint, Defendant's employees were working within the line and scope of their employment with Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L.

28.     At all times material to this Complaint, Defendant's employees had a duty to use reasonable care in the operation, supervision, management, maintenance, and control of the Surge Trampoline Park.

29.     At the time and place stated above, Defendant's employees, negligently and/or wantonly breached the duty owed to invitees, including A.L., in one or more of the following respects:

        a) By altering and/or installing the equipment in such a way that endangered the invitees of Surge Trampoline Park.

        b) By failing to enforce the safety rules and regulations in effect by Surge Trampoline Park;

## EXHIBIT A

c)  By failing to enforce the manufacturer's rules and prohibitions in accordance with the User's Manual;

d)  By failing to notify and/or to warn invitees, including Plaintiff, of safety hazards associated with the use of the Wipeout attraction and trampolines;

e)  By failing to provide any written, oral, or audio-visual instruction or guidance concerning the safe usage of trampolines and attractions located on the premises;

f)  By failing to properly supervise individuals utilizing the Wipeout attraction and trampolines to ensure that safety rules were followed;

g)  By failing to properly apprise Plaintiff of the safety rules and regulations prior to allowing her to use the Wipeout attraction and trampolines;

h)  By failing to properly and/or adequately supervise and/or control invitees, including Plaintiff, in about the use of the Wipeout attraction and trampolines.

30.    As a proximate consequence of negligent and/or wanton conduct of Defendant's employees, A.L. was caused to suffer the injuries and damages described in Count One.

31.    Defendant, and/or one or more of the parties described fictitiously as A, B, C, D, K, and L, is vicariously liable to A.L. for the negligence of Defendant's employees.

WHEREFORE, PREMISES CONSIDERED, plaintiff requests that the jury selected to hear this case render a verdict in favor of plaintiff against defendants, including the fictitious party defendants named and described in the caption hereof, jointly and severally, and award compensatory damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages, past and future, due to the defendants' wrongful acts. Further, plaintiff requests that the jury award punitive damages in an amount which will adequately reflect the enormity of the defendants' wrongful conduct and which will effectively prevent other similar wrongful acts. Finally, plaintiff requests that the Court enter judgment consistent with the verdict, and that it award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

Respectfully submitted,

                                                    /s/ JACOB L. SNOW
                                            JACOB L. SNOW (SNO019)
                                            Attorney for Plaintiff
                                            PO Box 769
                                            McIntosh, AL 36553
                                            (251) 656-9737
                                            JLSnowAttorneyatlaw@gmail.com

EXHIBIT A

**Plaintiff demands trial by struck jury on all raised herein.**

**Plaintiff's Address:**

2640 W. Coy Smith Hwy.
Mt. Vernon, AL 36560                         DOCUMENT 14

## CERTIFICATE OF SERVICE

I do certify, on this 4th day of January, 2022, a copy of the foregoing has been served upon the party by certified mail addressed as follows:

BENO Trampoline Parks, LLC
Attn: Darren Balsamo
2506 Pepperell Parkway
Opelika, AL 36801

/s/ JACOB L. SNOW

JACOB L. SNOW (SNO019)

8

EXHIBIT A

ELECTRONICALLY FILED
3/15/2022 8:34 AM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| LOFTON AUBRIANA, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:        CV-2022-900031.00 |
| | ) |
| BENO TRAMPOLINE PARKS, LLC, | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS;**
**ORDER EXTENDING TIME FOR PLAINTIFF TO PERFECT SERVICE**

This matter comes before the Court on Defendant Beno Trampoline Parks, LLC's ("Beno") Motion to Dismiss [Document 12], for failure to perfect service on the Defendant Beno, and the Affidavit of Shannon Gallaway, with Exhibit A [Documents 13 and 14]. The Court takes judicial notice of the court file and has read and considered the aforementioned documents. The court file reflects that the herein Complaint was filed on 1/4/2022, by then counsel Jacob L. Snow, Esquire; an unsuccessful attempt to perfect proper service was attempted [Document 7], and a Notice of Appearance as new counsel for the Plaintiffs was filed on 2/22/2022 [Document 5], by Brenden L. Smith, Esquire.

It is hereby **ORDERED** that **Defendant's Motion to Dismiss** for failure to perfect service  is **DENIED**. It is **ORDERED** that **Plaintiffs are EXTENDED time** to perfect service on the above named Defendant to **no later than July 1, 2022**, absent good cause shown.

**DONE this 15th day of March, 2022.**

**/s/ TAMARA HARRIS JOHNSON**
**CIRCUIT JUDGE**

EXHIBIT A

ELECTRONICALLY FILED
3/22/2022 3:54 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**STATE OF ALABAMA**          Revised 3/5/08          Cas...
Unified Judicial System
01-JEFFERSON          ☐ District Court   ☑ Circuit Court          CV2...

AUBRIANA LOFTON V. BENO TRAMPOLINE PARKS, LLC

**CIVIL MOTION COVER SHEET**
*Name of Filing Party:*C001 - LOFTON AUBRIANA

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

BRENDEN LAWRENCE SMITH

490 WILDWOOD NO. CIR. SUITE 150

BIRMINGHAM, AL 35242

*Attorney Bar No.:*  SMI398

☑ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☑ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed  or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)   ☐

Date:
3/22/2022 3:53:18 PM

Signature of Attorney or Party
/s/ BRENDEN LAWRENCE SMITH

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

EXHIBIT A

ELECTRONICALLY FILED
3/22/2022 3:54 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MARY LOFTON, et al.,      ) | |
|                     ) | |
| **Plaintiffs,**      ) | |
|                     ) | |
| v.      ) | CV – 2022 – 900031 – THJ |
|                     ) | |
| SURGE TRAMPOLINE PARKS, LLC,  ) | |
| et al.,      ) | |
|                     ) | |
| **Defendants.**      ) | |

---

### MOTION TO ALTER, AMEND, OR VACATE ORDER [DOC. 16]
### AND TO DEEM SERVICE PERFECTED AS OF JANUARY 5, 2022

---

**COME NOW** the Plaintiffs, by and through the undersigned counsel, and moves this Honorable Court alter, amend, or vacate the March 15, 2022, order [Doc. 16] and to deem service perfected on January 5, 2022. In support of which, Plaintiffs state the following.

### INTRODUCTION

This case stems from an incident which occurred on January 30, 2020, where A.L., a minor, was injured on one of the Defendant's attractions. The issue raised in this motion is whether the Defendant, Beno Trampoline Parks, LLC, d/b/a Surge Trampoline Park, ("Surge") had proper notice of the action to deem the Defendant served on January 5, 2022.

1

EXHIBIT A

## PROCEDURAL HISTORY

1.     On January 4, 2022, a complaint was filed against Surge, alleging negligence, wantonness, and vicarious liability in relation to an incident on January 30, 2020. [Doc. 2].

2.     Prior counsel for the Plaintiffs attempted to serve the Defendant by certified mail by filler.

3.     On February 22, 2022, the undersigned filed a return of service, showing that Surge had notice of the pending lawsuit on January 5, 2022. [Doc. 7; Docs. 12-14].

4.     On March 9, 2022, counsel for Surge filed a motion under Alabama Rule of Civil Procedure 12(b)(4), claiming that service was not perfected because Plaintiffs failed to comply with all the technical requirements of Alabama Rule of Civil Procedure 4 were not satisfied and the case was due to be dismissed. [Doc. 12].

5.     On March 15, 2022, this Honorable Court denied the Defendant's motion, and extended the deadline to serve the Defendant. [Doc. 16].

## ARGUMENT

Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990); *see also Voltz v. Dyess*, 148 So. 3d 425, 427 (Ala. 2014) (noting same). The purpose of this equitable rule is to prevent personal service from becoming "a degrading game of wiles and tricks" or otherwise allowing the

EXHIBIT A

defendant to simply refuse service. *See Wood v. Weenig*, 736 P.2d 1053, 1055 (Utah App. 1987).

While Rule 4 contains a variety of technical requirements, Alabama courts have consistently relaxed those requirements where actual notice is provided. *See Ex parte Rich*, 2022 WL 628413 *1 (Ala. Civ. App., March 4, 2022) (not yet released for publication); *See also Sanderford,* 902 F.2d at 900; *Voltz*, 148 So. 3d at 427; *Wood*, 736 P.2d at 1055. In *Ex parte Rich*, the plaintiff filed a petition to register a child-custody order and the attorney for the plaintiff sent the defendant, via certified mail, notice of the registration. *Rich*, 2022 WL 628413 *1. Shortly after mailing, the attorney for the plaintiff filed the return mail receipt, but the signature on the receipt was illegible, and the spaces for the date of the delivery and the printed name of recipient remained blank. *Id*. at *1. Counsel for the defendant filed a motion to continue a hearing, alleging that the defendant had not been properly served because of the defects in the service return. *Id*. at *2. The court rescheduled the hearing and issued an order finding that the defendant had been properly served. *Id*. at *2.

The Alabama Court of Civil Appeals held that the evidence of service was sufficient, and that the defendant had actual notice of the registration because the defendant retained an attorney and filed a motion contesting service. *Rich*, 2022 WL 628413 at *5. As such, "the [defendant] had received adequate notice of the registration" and the defendant was deemed served. *Id*.

It is irrefutable that Surge received notice of the lawsuit on January 5, 2022. [Doc. 13]. In fact, Surge retained counsel on or about January 13, 2022, shortly after

receiving notice. [Exhibit "A", Correspondence from George Gaston]. Shortly after filing of the notice of service, the Defendant appeared, through counsel, and filed a Rule 12(b)(4) motion challenging service. [Doc. 12; Doc. 16]. Because Rule 4 is "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint", Surge should be deemed served on January 5, 2022. *See Sanderford*, 902 F.2d at 900; *see also Rich*, 2022 WL 628413 *1; *Voltz*, 148 So. 3d at 427; *Wood*, 736 P.2d at 1055. After all, the policy behind proper service is notice. Here, the purpose has been achieved. The Plaintiffs are not seeking a default. Instead, the Plaintiffs are merely seeking a responsive pleading to be filed within thirty (30) days from the Order granting this motion. This serves the interest of justice and judicial economy and prevents a waste of judicial resources perfecting service on a Defendant who has already appeared in the case.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully moves this Honorable Court to vacate its Order of March 15, 2022, and deem service on Surge perfected on January 5, 2022, with a responsive pleading due within 30 days of the date of the Order granting this motion.

EXHIBIT A

**Dated: March 22, 2022**

Respectfully submitted,

| | |
|---|---|
| */s/ Jason L. Yearout* | */s/ Brenden L. Smith* |
| Jason L. Yearout (YEA011) | Brenden L. Smith (SMI398) |
| Attorney for Plaintiff | Attorney for Plaintiff |
| **RUBIO LAW FIRM, P.C.** | **RUBIO LAW FIRM, P.C.** |
| 490 Wildwood No. Cir., Ste. 150 | 490 Wildwood No. Cir., Ste. 150 |
| Birmingham, AL 35209 | Birmingham, AL 35209 |
| t. 205.443.7855 | t. 205.443.7850 |
| e. jyearout@rubiofirm.com | e. bsmith@rubiofirm.com |

## CERTIFICATE OF SERVICE

I certify that on **March 22, 2022**, a true and correct copy of the foregoing was served by filing it through the court's electronic filing system, or if not filed, then by electronic mail (or as indicated below) on the following counsel and/or *pro se* parties:

Attorney for Defendant Surge

George C. Gaston
**GALLOWAY LAW FIRM**
63 S. Royal Street, Suite 302
Mobile, Alabama, 36602
t. 251.438.7580
e. GGston@gallowaylawfirm.com

*/s/ Brenden Smith*
Of Counsel

EXHIBIT A

ELECTRONICALLY FILED
3/22/2022 3:54 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK



Galloway Johnson Tompkins Burr & Smith

---

Texas | Louisiana | Mississippi | Alabama | Florida | Georgia | Missouri

---

**GEORGE C. GASTON**
SPECIAL COUNSEL
LICENSED IN ALABAMA, MISSISSIPPI and
TENNESSEE
ggaston@gallowaylawfirm.com

63 South Royal Street, Suite 302
Mobile, Alabama  36602
Tel:  (251) 438-7850
Fax:  (251) 438-7875
www.gallowaylawfirm.com

January 13, 2022

**VIA Electronic Mail Only:**

Jacob L. Snow, Esq.
PO Box 69
McIntosh, AL 36553
JLSnowAttorneyatlaw@gmail.com

> Re:    Claimant: Mary Lofton, as parent of A.L., a minor
> Insured: Beno Trampoline Parks, LLC dba Surge Trampoline Park
> Birmingham-Homewood
> Date of Loss: January 5, 2020
> Claim Number: 22-0017
> GJTBS File Number: AL5740-21

Dear Mr. Snow:

Golden Bear Insurance Company has retained my firm to represent Beno Trampoline Parks, LLC dba Surge Trampoline Park Birmingham-Homewood in this matter. Please direct all further communications to my attention, and do not attempt to contact my client's employees or officers outside the presence of an attorney in my firm.

Also, please allow this letter to serve as our demand for preservation of all documents and things in the possession of your client relating to the subject accident including, but not limited to, video recordings, audio recordings, photographs, and witness statements. To that end we request that you retain and protect said documents and things in the exact conditions they were in immediately following the accident, and that you in no way alter, repair, modify, destroy, delete data from, or dispose of same. We further request that you preserve all documents and electronically stored information regarding communication devices (e.g. cell phones or smart phones) in your client's possession at the time of the accident.

Thank you in advance for cooperation. I look forward to working with you and invite you to call with any questions you might have.

Cordially,

*George C. Gaston*

George C. Gaston

**EXHIBIT A**

ELECTRONICALLY FILED
3/23/2022 9:39 AM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| A.L., a minor, suing through her custodial parent and next friend, MARY LOFTON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )      CV – 2022 – 900031 – THJ ) |
| BENO TRAMPOLINE PARKS, LLC, et al., | ) ) ) |
| Defendants. | ) |

## NOTICE OF APPEARANCE

**COMES NOW** Jason Yearout, and hereby makes an appearance as an additional counsel of record on behalf of the Plaintiffs in the above-styled case.

**DATED: March 23, 2022**

Respectfully submitted,

*/s/ Jason L. Yearout*
Jason L. Yearout (YA011)
Attorney for Plaintiffs
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7855
e. jyearout@rubiofirm.com

1

EXHIBIT A

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this March 23, 2022.

**Beno Trampoline Parks, LLC**
2506 Pepperell Parkway
Opelika, Alabama, 36801

<u>/s/ Jason L. Yearout</u>
Of Counsel

EXHIBIT A

ELECTRONICALLY FILED
3/24/2022 1:33 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **A.L. a minor suing by through her** | * | |
| **custodial parent and next friend,** | * | |
| **MARY LOFTON,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO.** |
| | * | **CV-2022-900031.00** |
| | * | |
| **BENO TRAMPOLINE PARKS,** | * | |
| **LLC, et al** | * | |
| | * | |
| **Defendants.** | * | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE ORDER AND**
**MOTION FOR RULE 11 SANCTIONS**

COMES NOW Defendant BENO TRAMPOLINE PARKS, LLC ("Defendant"), by and

through undersigned counsel[1], and responds in opposition to Plaintiff's Motion to Alter, Amend,

or Vacate Order [Doc. 16] and to Deem Service Perfected as of January 5, 2022. Defendant also

moves, pursuant to Rule 11 of the *Alabama Rules of Civil Procedure*, that counsel for Plaintiff be

made subject to sanctions for wrongfully and willfully maintaining that service was ever

perfected upon Defendant and for filing this pending Motion absent sufficient grounds to support

doing so.

Plaintiff does not dispute any statements of fact or procedure which are contained in

Defendant's Motion to Dismiss. *See* Doc. 12. Plaintiff cannot dispute that the envelope that was

delivered on January 5, 2022, to Defendant via certified mail contained merely an unfiled copy

of the Complaint and not the summons, contrary to the plain requirements of ARCP Rules 4(a)

---

[1] Undersigned counsel has filed his Notice of Limited and Special Appearance on behalf of Defendant specifically
and solely for purposes of challenging the sufficiency of process pursuant to Rule 12(b)(4) of the *Alabama Rules of
Civil Procedure*.

EXHIBIT A

and 4(i)(2)(B)(ii). Put another way, Plaintiff does not challenge Defendant's characterization of the Plaintiff's woefully deficient service of process on it in this action. Nevertheless, and absent good grounds to do so, Plaintiff contends she "substantially complied" with Rule 4, such that this Court should deem service as having been perfected on Defendant as of January 5, 2022.

Plaintiff cites to *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897 (11th Cir. 1990) in support of her position. In *Sanderford*, the Eleventh Circuit ruled as follows: "if a summons is in substantial compliance with Rule 4(b), F.R.Civ.P.[2], and a defendant has not been prejudiced by the defect in the summons, the defendant must raise his or her Rule 12(b)(4), F.R.Civ.P., defense by motion or in a responsive pleading, or risk having waived that defense if he or she waits until final judgment has been entered." *Id*. at 900.

Unlike in the present case, the defendant in *Sanderson* received a summons along with a filed copy of the complaint. The only defect in the process was determined to be that the return date for the responsive pleading was omitted from the summons. The court found this to be inconsequential, since the time for responding could be found in the *Federal Rules of Civil Procedure*. Importantly, the defendant did not challenge the service of process until after the trial court had already entered final default judgment against it, despite the defendant receiving "a multitude of notices- not only through service of the summons and complaint, but also by service of motions, pleadings and an order of the court." *Id*. at 901. The circumstances of *Sanderford* are entirely distinguishable than in the present case.

Plaintiff wrongly construes *Sanderford* as dispensing with the procedural requirements for service of process in all circumstances in which a defendant acquires knowledge of a lawsuit.

---

[2] Rule 4(b), F.R.Civ.P., provides as follows: "Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."

EXHIBIT A

However, *Sanderford* is fundamentally a decision about the possibility that a defendant can waive a 12(b)(4) defense by failing to raise it before the entry of a default judgment. *Sanderson* does not establish what constitutes "substantial compliance" with Rule 4., and *Sanderson* certainly does not stand for the proposition that a defendant can be deemed as having received proper service in the absence of the service of a summons. *See Baca v. Rodriguez*, 2013 WL 12147634, *4 (U.S.D.C. New Mexico 2013) ("This Court will not extend the limited, so-called "substantial compliance" exception to situations where a plaintiff never serves a defendant with the summons and complaint."). Defendant never received a summons. Defendant did promptly and vigorously assert its 12(b)(4) defense by specially appearing in this lawsuit, before the entry of default against Defendant. As such, *Sanderford* does not require Defendant to demonstrate prejudice to require Plaintiff to take the proper steps to perfect service on Defendant.

Plaintiff also cites in her Motion to *Voltz v. Dyess*, 148 So.3d 425 (Ala. 2014) in support of her position. In *Voltz*, the Supreme Court ruled that a trial court erred when it dismissed the plaintiffs' lawsuit *sua sponte* without giving the plaintiffs at least 14 days' notice that their case was subject to dismissal for failure to effect service. *Voltz* merely required the trial court to follow the *Alabama Rules of Civil Procedure* before dismissing the plaintiff's lawsuit for lack of service of process. The decision does not address what constitutes "substantial compliance" with Rule 4 and does not relax the procedural requirement for perfection of service to remove the requirement for serving a summons as well as a complaint. Plaintiff's reliance on *Voltz* for throwing out the rules of civil procedure for perfection of service is wishful thinking.

Plaintiff's citation to *Wood v. Weenig*, 736 P.2d 1053, 1055 (Utah App. 1987) is truly confounding. As alluded to in Plaintiff's own pending motion, *Wood* pertains to personal service. *Wood* has no application here since Plaintiff has made no attempts to serve Defendant using

EXHIBIT A

personal service. In *Wood*, the plaintiff used a deputy constable to perfect service on the defendant by personal service. The defendant contested service having been perfected on her. The deputy constable testified that he engaged in a ten-minute conversation, through an intercom system at the defendant's home, with a person who identified herself as the defendant's daughter and as being of suitable age. He also testified that he left papers on the defendant's porch after the daughter refused to accept the papers and after he informed her he was going to leave the papers. The defendant and her daughter both testified they did not speak with the deputy constable. The court believed the constable, determined there had been valid personal service of process, and as referenced in Plaintiff's pending Motion, accused Defendant of having engaged in "a degrading game of wiles and tricks" to reject service.

Plaintiff has zero grounds to insinuate in her current motion that Defendant has engaged in similar behavior as the *Wood* defendant. This Court has already recognized the deficiencies in Plaintiff's attempt to serve Defendant by certified mail. Before filing Defendant's 12(b)(4) motion, undersigned counsel contacted Plaintiff's counsel, informed him that service has not been perfected (as confirmed by an staff person of this Court), and offered to request authority from Defendant to accept service on Defendant's behalf. Plaintiff's counsel declined the offer, as demonstrated by the correspondence between counsel for the parties which is attached hereto as **Exhibit "A"**.

As is the case with *Sanderford*, Plaintiff wrongly construes *Ex Parte Rich*, 2022 WL 628413 (Ala. Civ. App., March 4, 2022) as dispensing of the procedural requirements for service of process in all circumstances in which a defendant acquires knowledge of a lawsuit. Plaintiff grossly mischaracterizes *Rich* as holding that service is sufficient in all cases in which a defendant retains an attorney and files a motion contesting service. It should be noted that *Rich* is

EXHIBIT A

entirely distinguishable from the present case and, in fact, does not present a conventional lawsuit in the first place. In *Rich*, a child's father had obtained a child-custody order from a foreign jurisdiction (as the result of a conventional lawsuit). In the process of registering this order in the Alabama trial court, the father's attorney sent the child's mother, via certified mail, notice of the filing of the registration petition. The mother contested service, the court rescheduled a hearing at the mother's request, the mother failed to attend the subsequently scheduled hearing, and her attorney appeared at the hearing solely for the purpose of contesting service of the notice of the registration petition. The court determined that its granting of the father's petition for registration did not have the effect of defaulting the mother because she had participated in the underlying proceedings that led to the foreign judgment that was being registered. *Id*. at *2. The court also noted the mother had previously appeared in that very trial court in a prior child custody hearing. *Id*. *Rich* in no way suggests that a plaintiff may perfect service absent serving upon the defendant a copy of the summons and filed complaint, consistent with ARCP Rules 4(a) and 4(i)(2)(B)(ii).

According to ARCP Rule 11(a), "[t]he signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading, motion, or other paper; that to the best of the attorney's knowledge, information, and belief there is good ground to support it." On February 22, 2022, Plaintiff's counsel filed in this Court a notice a service of Defendant, notwithstanding the deficiencies that were clearly evident at the time. Defendant's undersigned counsel confirmed that service had not been perfected with a staff person at this Court, advised Plaintiff's counsel accordingly, and offered to request Defendant's authority to accept service on its behalf. Plaintiff's counsel replied by completely dismissing the notion that service had not been valid. This necessitated Defendant filing its Rule 12(b)(4) motion, which this Court has determined to

EXHIBIT A

have merit by issuing an Order informing Plaintiff's counsel that the attempt to perfect proper service was unsuccessful and allotting additional time to Plaintiff to perfect service on Defendant. *See* Doc. 16. Plaintiff's counsel has willfully violated ARCP Rule 11 by refusing this Court's instructions, filing the pending Motion without good ground to support it, and necessitating Defendant's preparation of this Response (as well as the original 12(b)(4) motion). <u>All</u> of this could have been avoided if Plaintiff's counsel had simply reissued summons for service in accordance with Rule 4.

WHEREFORE, Defendant BENO Trampoline Parks, LLC requests this Honorable Court deny Plaintiff's Motion to Alter, Amend, or Vacate Order [Doc. 16] and to Deem Service Perfected as of January 5, 2022. Defendant also moves for Plaintiff or her counsel to face Rule 11 sanctions in the form of reimbursing Defendant for reasonable attorney's fees costs related to Defendant's preparation of its Rule 12(b)(4) motion and this Response. Defendant further requests any and all other relief this Honorable Court deems just and proper under the circumstances.

Respectfully submitted this 24th day of March, 2022.


Respectfully submitted,

*/s/ George C. Gaston*
GEORGE C. GASTON (GAS012)
Galloway, Johnson, Tompkins, Burr & Smith, PLC
63 S. Royal Street, Suite 302
Mobile, Alabama 36602
Telephone: (251) 438-7850
Facsimile: (251) 438-7875
ggaston@gallowaylawfirm.com
*Attorney for Defendant BENO Trampoline Parks, LLC*

6

EXHIBIT A

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have on this 24th day of March, 2022, caused a copy of the foregoing to be served on counsel for all parties of record by the electronic notification given by AlaFile at the time of filing on this day.

Jacob L. Snow
PO Box 769
McIntosh, Alabama 36553
Telephone: (251) 656-9737
JLSnowAttorneyatlaw@gmail.com
*Attorneys for Plaintiff*

Brenden L. Smith
Rubio Law Firm, P.C.
490 Wildwood No. Cir., Ste. 150
Birmingham, Alabama 35209
Telephone: (205) 443-7850
bsmith@rubiofirm.com
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　 */s/ George C. Gaston*
　　　　　　　　　　　　　　 OF COUNSEL

EXHIBIT A

ELECTRONICALLY FILED
3/24/2022 1:33 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# EXHIBIT A

EXHIBIT A

**George Gaston**

| | |
|---|---|
| **From:** | Jason Yearout <jyearout@rubiofirm.com> |
| **Sent:** | Thursday, March 10, 2022 9:21 AM |
| **To:** | George Gaston |
| **Cc:** | jacobsnow7@gmail.com; Nathan Burrow; Lauren Poiroux; Brenden Smith |
| **Subject:** | Re: Mary Lofton v. Beno Trampoline Park, Circuit Court of Jefferson County, Alabama |

*** External Sender - Please Exercise Caution***

George G.,

You have authority to accept service, but that appears unnecessary since we agreed to extend the time to file a responsive pleading by 28 days (and if you need more time, we are happy to oblige a reasonable extension) based on the original service date (which you dispute was effective).

Does Beno dispute receiving the summons and complaint by certified mail? We will respond in opposition to Beno's motion to dismiss. If you supplement to include a motion for sanctions, we will respond to that as well. As you likely know, seeking sanctions under Rule 11 is also subject to Rule 11 sanctions. Is that how we want to start this litigation with cross-motions for sanctions?

If you wish to discuss further, please call me. I am in deps from 10-12, but will be available afterwards.

Sincerely,

Jason L. Yearout

**R RUBIO LAW FIRM**
JUSTICE & RESULTS

490 Wildwood No. Cir., Suite 150
Birmingham, AL 35209
t. 205.443.7855
c. 205.541.3726
f. 205.443.7853
e. jyearout@rubiofirm.com

The information in this email and in any attachments are confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal, professional, or other privilege, or may otherwise be protected by work product, immunity, or other legal rules. It must not be disclosed to any person without the sender's authority. If you are not the intended recipient or are not authorized to receive it for the intended recipient, you are not authorized to, and must not, disclose, copy, distribute, or retain this message or any part of it.

For more information about our firm, please visit our website.

**EXHIBIT A**

**From:** George Gaston <GGaston@gallowaylawfirm.com>
**Date:** Thursday, March 10, 2022 at 9:01 AM
**To:** Brenden Smith <bsmith@rubiofirm.com>
**Cc:** Jason Yearout <jyearout@rubiofirm.com>, "jacobsnow7@gmail.com" <jacobsnow7@gmail.com>, Nathan Burrow <NBurrow@gallowaylawfirm.com>, Lauren Poiroux <LPoiroux@gallowaylawfirm.com>
**Subject:** RE: Mary Lofton v. Beno Trampoline Park, Circuit Court of Jefferson County, Alabama

Brenden, it is disappointing that it became necessary to file a motion to dismiss yesterday. On February 25, I told you Alacourt reflects that the defendant has not received service, notwithstanding the notice of service you had filed that week. I was not bluffing when I said we called the judicial assistant, who confirmed that the defendant has not yet been properly served. I realize you've subbed in for Mr. Snow. Nevertheless, I suspect that the information contained in my motion was largely already familiar to you.

I have received authority from Beno Trampoline Parks, LLC to accept service of process on its behalf for this lawsuit. If you want to prepare the paperwork, I will be happy to sign. If you intend to file anything with the Court in opposition to my motion, I will supplement my motion to request Rule 11 sanctions. You have zero grounds to believe that service was perfected upon the defendant.

Let me know your thoughts.

George G.


**George C. Gaston, Special Counsel**
63 S. Royal Street Suite 302
Mobile, AL 36602
O: 251-438-7850 | F: 251-438-7875
GGaston@gallowaylawfirm.com



TX | LA | MS | AL | FL | GA | MO
www.gallowaylawfirm.com

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT
OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT
FORWARD WITHOUT SPECIFIC PERMISSION.


**From:** Brenden Smith <bsmith@rubiofirm.com>
**Sent:** Tuesday, March 8, 2022 3:54 PM
**To:** George Gaston <GGaston@gallowaylawfirm.com>
**Cc:** Jason Yearout <jyearout@rubiofirm.com>
**Subject:** Re: Mary Lofton v. Beno Trampoline Park, Circuit Court of Jefferson County, Alabama

**\*\*\* External Sender - Please Exercise Caution\*\*\***

**EXHIBIT A**

George,

First, thank you for your email. We appreciate your suggestion (and potential willingness) that you accept service, but your client was served on January 6, 2022. While we can see you have concerns about that service, but your client is now in default if we are correct. To resolve this, we are willing to extend the time to file a responsive pleading by twenty-eight (28) days from today. However, to be clear, that is not a stipulation as to the time service was perfected, but a professional courtesy to provide sufficient time to respond to the complaint.

If we do not hear from you by March 11, 2022, agreeing to respond to the complaint within 28 days from today, we will file an application for default and go from there. That said, I remain hopeful that this additional time to respond is agreeable and provides sufficient time to file a responsive pleading.

Sincerely,


Brenden L. Smith

490 Wildwood No. Cir., Suite 150
Birmingham, AL 35209
t. 205.443.7850
c. 256.531.7757
f. 205.443.7853
e. bsmith@rubiofirm.com

The information in this email and in any attachments are confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal, professional, or other privilege, or may otherwise be protected by work product, immunity, or other legal rules. It must not be disclosed to any person without the sender's authority. If you are not the intended recipient or are not authorized to receive it for the intended recipient, you are not authorized to, and must not, disclose, copy, distribute, or retain this message or any part of it.

For more information about our firm, please visit our website.



**From:** George Gaston <GGaston@gallowaylawfirm.com>
**Date:** Thursday, March 3, 2022 at 8:41 AM
**To:** Brenden Smith <bsmith@rubiofirm.com>
**Cc:** Jason Yearout <jyearout@rubiofirm.com>, "jacobsnow7@gmail.com" <jacobsnow7@gmail.com>, Nathan Burrow <NBurrow@gallowaylawfirm.com>, Lauren Poiroux <LPoiroux@gallowaylawfirm.com>
**Subject:** RE: Mary Lofton v. Beno Trampoline Park, Circuit Court of Jefferson County, Alabama

I had this flagged for follow up. I look forward to hearing from you.

All the best,

**EXHIBIT A**

George G.


**George C. Gaston, Special Counsel**
63 S. Royal Street Suite 302
Mobile, AL 36602
O: 251-438-7850 | F: 251-438-7875
GGaston@gallowaylawfirm.com



TX | LA | MS | AL | FL | GA | MO
www.gallowaylawfirm.com

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT
OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT
FORWARD WITHOUT SPECIFIC PERMISSION.

**From:** George Gaston
**Sent:** Friday, February 25, 2022 2:10 PM
**To:** Brenden Smith <bsmith@rubiofirm.com>
**Cc:** Jason Yearout <jyearout@rubiofirm.com>; jacobsnow7@gmail.com; Nathan Burrow
<NBurrow@gallowaylawfirm.com>; Lauren Poiroux <LPoiroux@gallowaylawfirm.com>
**Subject:** RE: Mary Lofton v. Beno Trampoline Park, Circuit Court of Jefferson County, Alabama

Hi Brenden,

Thank you for this information. I looked up the case on Alacourt. It reflects that attorney Jacob Snow originally filed the complaint, and you recently filed a notice of appearance. I have copied Jacob on this email as well. Is he still involved, or is it just your law firm?

Alacourt does not reflect that the defendant has received service, notwithstanding the notice of service you filed this week. We called the judicial assistant, who confirmed that the defendant has not yet been properly served.

As you have obviously discovered, I have represented this trampoline park in the past. Would you like for me to contact the defendant and request authorization to accept service on its behalf?

Sincerely,
George G.


**From:** Brenden Smith <bsmith@rubiofirm.com>
**Sent:** Thursday, February 24, 2022 5:27 PM
**To:** George Gaston <GGaston@gallowaylawfirm.com>
**Cc:** Jason Yearout <jyearout@rubiofirm.com>
**Subject:** Mary Lofton v. Beno Trampoline Park, Circuit Court of Jefferson County, Alabama

**\*\*\* External Sender - Please Exercise Caution\*\*\***

**EXHIBIT A**

George,

Jason Yearout and I represent Mary Lofton and her minor daughter in her lawsuit against Beno Trampoline Park (CV-2022-900031). Please direct all correspondence regarding this matter to us. (Jason is CC'ed above).

We noticed the Defendant was served on or about January 5, 2022. Please file an answer within the next fourteen (14) calendar days so we do not have to file a motion for default.

Sincerely,


Brenden L. Smith

R **RUBIO LAW FIRM**
**JUSTICE & RESULTS**
490 Wildwood No. Cir., Suite 150
Birmingham, AL 35209
t. 205.443.7850
c. 256.531.7757
f. 205.443.7853
e. bsmith@rubiofirm.com

The information in this email and in any attachments are confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal, professional, or other privilege, or may otherwise be protected by work product, immunity, or other legal rules. It must not be disclosed to any person without the sender's authority. If you are not the intended recipient or are not authorized to receive it for the intended recipient, you are not authorized to, and must not, disclose, copy, distribute, or retain this message or any part of it.

For more information about our firm, please visit our website.

**EXHIBIT A**

ELECTRONICALLY FILED
4/1/2022 3:40 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MARY LOFTON, et al.,       ) | |
|                    ) | |
|      Plaintiffs,    ) | |
|                    ) | |
| v.                    ) | CV – 2022 – 900031 – THJ |
|                    ) | |
| SURGE TRAMPOLINE PARKS, LLC,  ) | |
| et al.,                ) | |
|                    ) | |
|      Defendants.   ) | |

## MOTION FOR RULE 11 SANCTIONS AND RESPONSE TO DEFENDANTS MOTION FOR RULE 11 SANCTIONS

**COMES NOW** the Plaintiff, by and through the undersigned counsel, moves this Honorable Court impose sanctions against Defendant and its counsel and Plaintiff states the following:

### INTRODUCTION

This is the rarest of circumstances for Counsel for the Plaintiff, facing a motion for sanctions based on a violation of Rule 11. This is the first. Ever. It is not how I or the lawyers with this firm practice law as professionals. The reasons Counsel for the Defendant has moved for sanctions is fairly simple. First, if service is deemed proper, then the Defendant will have missed its opportunity to remove this case to federal court.[1] The Defendant does not want to litigate in this forum. And this is an effort to convince the Court through mudslinging to avoid the real issue – whether service was

---

[1] There is no justifiable reason to fight over service of process and simultaneously agree to accept service for the Defendant, especially where the Plaintiff would extend the time to answer (or responded) as per the rules.

1

EXHIBIT A

good enough. Second, Counsel for the Defendant is following through on his prior threat[2] to move for sanctions if Plaintiff had the audacity to challenge his motion to quash service. The Defendant's motion for sanctions baselessly seeks sanctions that relate to a genuine dispute over the application of Rule 4 and legal precedent to the undisputed facts. In response to that threat, the Plaintiff cautioned the Defendant and explained that a Rule 11 would not be warranted and that the filing of a Rule 11 motion is also subject to Rule 11 sanctions.

The Defendant persisted; yet it simultaneously acknowledges the Plaintiff's candor with the Court when it noted that the facts and procedural posture are not in dispute. [Doc. 24]. This acknowledgment reduces the dispute to a controversy over application of the law, not of truthfulness of any averment. This dispute is not about whether the technical requirements of Rule 4 have been satisfied. They have not. This genuine dispute is about whether the process that was served was sufficient to satisfy the purpose of Rule 4 and avoid brinkmanship by the Defendant. To be sure, service was sufficient (the Defendant conceded it received the complaint, sent a letter – through counsel – after receiving it, and has appeared in this case).

## PROCEDURAL HISTORY

1. On January 4, 2022, the complaint was filed against Surge, alleging negligence, wantonness, and vicarious liability in relation to an incident on January 30, 2020. [Doc. 2].

---

[2] Notably, the threat was made before the Defendant was even aware of the factual and legal support to be presented to this Court.

EXHIBIT A

2.   Prior counsel for the Plaintiff attempted to serve the Defendant by certified mail by filler.

3.   On February 22, 2022, the undersigned filed a return of service, showing that Surge had notice of the pending lawsuit on January 5, 2022. [Doc. 7; Docs. 12-14].

4.   On March 9, 2022, counsel for Surge filed a motion under Alabama Rule of Civil Procedure 12(b)(4), claiming that service was not perfected because Plaintiff failed to comply with all the technical requirements of Alabama Rule of Civil Procedure 4 – as such, the case was due to be dismissed. [Doc. 12].

5.   Shortly after filing the 12(b)(4) motion, on March 10, 2022, counsel for Surge emailed the undersigned, and threatened to move for sanctions against the Plaintiff if the Plaintiff filed **"anything with the Court in opposition to his motion."** [Exhibit "A", March 10, 2022, Gaston Email (emphasis added)]

6.   In a response to Mr. Gaston's threat, undersigned counsel replied, noting that counsel moving for sanctions under rule 11 is also subject to rule 11 sanctions. [Exhibit "B", Response Email].

7.   On March 15, 2022, before Plaintiff replied, this Honorable Court denied the Defendant's motion, but extended the deadline to serve the Defendant. [Doc. 16].

8.   On March 22, 2022, the Plaintiff moved to alter, amend, or vacate, the March 15, 2022, order, arguing that the Defendant had adequate notice of the lawsuit

EXHIBIT A

on January 5, 2022, and since the Defendant had notice, sufficient grounds exist under Alabama law to deem service perfected. [Doc. 19].

9.      In response, the Defendant, following through with his threat, filed a motion for sanctions under Rule 11 (among other arguments). [Doc. 24].

10.     The Defendant was requested to withdraw that motion to avoid this one, noting that this was a dispute over the application of the law, but Defendant refused. [Exhibit "C", Plaintiff's Rule 11 Email and Defendant's Response].

11.     The Plaintiff, unintimidated, was compelled to respond.

## ARGUMENT

Rule 11 requires for an attorney to sign the pleadings, attesting that to the best of the attorney's knowledge, information, and belief, there are good grounds to support the pleading. *See* ALA. R. CIV. P. 11(a). The purpose behind Rule 11 sanctions is deterrence and punishment. *See Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)[3]. To that end, Rule 11 is designed to promote candor, honesty, and good faith arguments between lawyers and with the courts.

The Plaintiff has moved to deem service perfected based on precedent that describes Rule 4 – and all its technical requirements – as a flexible rule. The Defendant has not argued that it was ignorant of the lawsuit; it received a copy; it had a lawyer send a letter after it received that complaint. As such, service was sufficient and the purpose behind Rule 4 was satisfied. [*See* Doc. 19]. The Plaintiff

---

[3] Federal cases construing the Federal Rules of Civil Procedure are highly persuasive authority in construing the Alabama Rules of Civil Procedure, which were patterned after the Federal Rules of Civil Procedure. *See Ex parte Safeway Ins. Co. of Alabama*, 990 So. 2d 344, 349 n.2 (Ala. 2008).

EXHIBIT A

unquestionably had sufficient grounds to claim that service was sufficient. *See Ex parte Rich*, 2022 WL 628413 *1 (Ala. Civ. App. March 4, 2022) (not yet released for publication); *Sanderford v. Prudential Ins. Co. of Am.,* 902 F.2d 897, 900 (11th Cir. 1990); *see also Voltz v. Dyess*, 148 So. 3d 425, 427 (Ala. 2014); *Wood v. Weenig*, 736 P.2d 1053, 1055 (Utah App. 1987).

The Defendant's motion badly misses the mark because Plaintiff has not only approached the Court with complete candor, but also has clear legal support for the arguments presented.

A difference in opinion regarding the flexibility of Rule 4, supported by caselaw, is not sufficient to warrant sanctions. The Defendant's motion for sanctions is frivolous. The motion consistently misstates the Plaintiff's legal position regarding service. The Plaintiff has not maintained – contrary to the Defendant's claims – that service was perfected in full compliance with Rule 4. [*See* Doc. 19]. The Plaintiff's position is that Rule 4 is, and remains, flexible and that this Court has discretion to deem service perfected where the design and purpose of the Rule has been satisfied. *See Ex parte Rich*, 2022 WL 628413 *1; *Sanderford,* 902 F.2d at 900; *Voltz*, 148 So. 3d at 427; *Wood*, 736 P.2d at 1055.

A purpose of rule 11 is to deter baseless filings. *See generally Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. v. DuBois*, 266 So. 3d 1064, 1081 (Ala. Civ. App. 2017). Courts generally look to the Alabama Litigation Accountability Act[4] for

---

[4] Rule 11 does not specifically provide for the imposition of attorney fees and expenses as a penalty. *See* C. Lyons, Alabama Rules of Civil Procedures Annotated § 11.6 (3d ed. 1996). In fact, when evaluating whether the filing was baseless, a trial court must look to the Alabama Litigation

EXHIBIT A

the framework when evaluating whether an attorney's conduct was baseless. The action, claim, or defense must be "without substantial justification." ALA. CODE § 12-19-272(a).

> Without substantial justification, when used with reference to any action, claim, defense, . . . including  . . any motion, means that such action, claim, defense . . . (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including . . . to cause unnecessary delay or needlessly increase in the cost of litigation. . . .

ALA. CODE. § 12-19-271(1). Simply put, "no reasonable and competent attorney would have advanced the contention that he did." *Morrow v. Gibson*, 827 So. 2d 756, 763-64 (Ala. 2002).

While the Plaintiff's positions are factually sound and legally supported, the Defendant's motion for sanctions, on the other hand, is not and is a violation of Rule 11. The Defendant's motion is to threaten and intimidate and is without substantial justification, factual or legal. Bluntly, the Defendant's improper purpose of avoiding litigation in this Court and to remove this case to federal court are where Rule 11 has been violated. After Mr. Gaston filed the Defendant's Rule 12(b)(4) motion, he emailed the undersigned and threatened Counsel for the Plaintiff – stating that if the Plaintiff filed "any" response, he would file for rule 11 sanctions without knowing the form, substance, or legal analysis to be contained therein. [Exhibit "A"]. Threatening to file a Rule 11 motion, without any substantial justification, then filing it also without evidentiary or legal support is a quintessential violation of Rule 11; that is why, the

---

Accountability Act for authority to award attorney fees and costs against an attorney or party. *See Williams v. Board of Water and Sewer Com'rs of City of Prichard*, 763 So. 2d 938, 942 (Ala. 1999).

6

EXHIBIT A

Rule itself applies to alleged violations of the rule. No reasonable or competent attorney would threaten sanctions without knowing the substance of the argument to be presented to the court. No reasonable or competent attorney would move for sanctions where a genuine dispute over application of legal authority has been presented. Still, Plaintiff provided a good-faith opportunity to withdraw the Defendant's motion for sanctions. The Defendant refused. Then, the Defendant mischaracterized the Plaintiff's position regarding service on the Defendant. [*See* Exhibit C; Doc. 24].

Mr. Gaston's motion is nothing more than a distraction, but it remains serious since it also violated Rule 11.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully moves this Honorable Court enter an order to show cause why sanctions should not be entered, by deeming service perfected on January 5, 2022, and any other and further relief that this Court deems proper and just.

**Dated: April 1, 2022**

Respectfully submitted,

*/s/ Jason L. Yearout*
Jason L. Yearout (YEA011)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7855
e. jyearout@rubiofirm.com

*/s/ Brenden L. Smith*
Brenden L. Smith (SMI398)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7850
e. bsmith@rubiofirm.com

7

EXHIBIT A

## <u>CERTIFICATE OF SERVICE</u>

I certify that on **April 1, 2022**, a true and correct copy of the foregoing was served by filing it through the court's electronic filing system, or if not filed, then by electronic mail (or as indicated below) on the following counsel and/or *pro se* parties:

*Attorney for Defendant Surge*

George C. Gaston
**GALLOWAY LAW FIRM**
63 S. Royal Street, Suite 302
Mobile, Alabama, 36602
t. 251.438.7580
e. GGston@gallowaylawfirm.com

***/s/ Brenden Smith***
Of Counsel

8

EXHIBIT A

ELECTRONICALLY FILED
4/1/2022 3:40 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**Subject:** RE: Mary Lofton v. Beno Trampoline Park, Circuit Court of Jeffers
**Date:** Thursday, March 10, 2022 at 9:01:03 AM Central Standard Time
**From:** George Gaston
**To:** Brenden Smith
**CC:** Jason Yearout, jacobsnow7@gmail.com, Nathan Burrow, Lauren Poiroux
**Attachments:** image002.png, image003.png, galloway35thlogo-new_33c6bdac-1f77-4062-8152-d2e01fc8751f.png

Brenden, it is disappointing that it became necessary to file a motion to dismiss yesterday. On February 25, I told you Alacourt reflects that the defendant has not received service, notwithstanding the notice of service you had filed that week. I was not bluffing when I said we called the judicial assistant, who confirmed that the defendant has not yet been properly served. I realize you've subbed in for Mr. Snow. Nevertheless, I suspect that the information contained in my motion was largely already familiar to you.

I have received authority from Beno Trampoline Parks, LLC to accept service of process on its behalf for this lawsuit. If you want to prepare the paperwork, I will be happy to sign. If you intend to file anything with the Court in opposition to my motion, I will supplement my motion to request Rule 11 sanctions. You have zero grounds to believe that service was perfected upon the defendant.

Let me know your thoughts.

George G.

**George C. Gaston, Special Counsel**
63 S. Royal Street Suite 302
Mobile, AL 36602
O: 251-438-7850 | F: 251-438-7875
GGaston@gallowaylawfirm.com



TX | LA | MS | AL | FL | GA | MO
www.gallowaylawfirm.com

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT
OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT
FORWARD WITHOUT SPECIFIC PERMISSION.

EXHIBIT A

ELECTRONICALLY FILED
4/1/2022 3:40 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**Subject:**  Re: Mary Lofton v. Beno Trampoline Park, Circuit Court of Jeffers

**Date:**  Thursday, March 10, 2022 at 9:20:49 AM Central Standard Time

**From:**  Jason Yearout

**To:**  George Gaston

**CC:**  jacobsnow7@gmail.com, Nathan Burrow, Lauren Poiroux, Brenden Smith

**Attachments:** galloway35thlogo-new_33c6bdac-1f77-4062-8152-d2e01fc8751f.png, image001.png, image002.png, image003.png, image004.png

George G.,

You have authority to accept service, but that appears unnecessary since we agreed to extend the time to file a responsive pleading by 28 days (and if you need more time, we are happy to oblige a reasonable extension) based on the original service date (which you dispute was effective).

Does Beno dispute receiving the summons and complaint by certified mail? We <u>will</u> respond in opposition to Beno's motion to dismiss. If you supplement to include a motion for sanctions, we will respond to that as well. As you likely know, seeking sanctions under Rule 11 is also subject to Rule 11 sanctions. Is that how we want to start this litigation with cross-motions for sanctions?

If you wish to discuss further, please call me. I am in deps from 10-12, but will be available afterwards.

Sincerely,

Jason L. Yearout

**R RUBIO LAW FIRM**
JUSTICE & RESULTS

490 Wildwood No. Cir., Suite 150
Birmingham, AL 35209
t. 205.443.7855
c. 205.541.3726
f. 205.443.7853
e. jyearout@rubiofirm.com

The information in this email and in any attachments are confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal, professional, or other privilege, or may otherwise be protected by work product, immunity, or other legal rules. It must not be disclosed to any person without the sender's authority. If you are not the intended recipient or are not authorized to receive it for the intended recipient, you are not authorized to, and must not, disclose, copy, distribute, or retain this message or any part of it.

For more information about our firm, please visit our website.

EXHIBIT A

ELECTRONICALLY FILED
4/1/2022 3:40 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**From:** Brenden Smith <bsmith@rubiofirm.com>
**Sent:** Friday, March 25, 2022 7:38 AM
**To:** George Gaston <GGaston@gallowaylawfirm.com>
**Cc:** Jason Yearout <jyearout@rubiofirm.com>
**Subject:** Rule 11 - Lofton v. Surge

**\*\*\* External Sender - Please Exercise Caution\*\*\***

George,

Your rule 11 motion is frivolous. As you correctly point out in your motion, we do not dispute the facts in your motion to dismiss. As such, what we have here is a difference in opinion regarding the flexibility surrounding rule 4. A difference in opinion, supported by caselaw, is not a rule 11 violation.

Please withdraw your rule 11 motion by 12:00 PM on Friday, April 1, 2022. If you do not, Jason and I will respond in kind.

Sincerely,


Brenden L. Smith



490 Wildwood No. Cir., Suite 150
Birmingham, AL 35209
t. 205.443.7850
c. 256.531.7757
f. 205.443.7853
e. bsmith@rubiofirm.com

The information in this email and in any attachments are confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal, professional, or other privilege, or may otherwise be protected by work product, immunity, or other legal rules. It must not be disclosed to any person without the sender's authority. If you are not the intended recipient or are not authorized to receive it for the intended recipient, you are not authorized to, and must not, disclose, copy, distribute, or retain this message or any part of it.

For more information about our firm, please visit our website.

EXHIBIT A

**Subject:**    RE: Rule 11 - Lofton v. Surge
**Date:**    Friday, March 25, 2022 at 10:19:48 AM Central Daylight Time
**From:**    George Gaston
**To:**    Brenden Smith
**CC:**    Jason Yearout, Lauren Poiroux
**Attachments:** image001.png, image002.png, image003.png, image004.png, image005.png, image006.png, galloway35thlogo-new_33c6bdac-1f77-4062-8152-d2e01fc8751f.png

Brenden and Jason,

On 3/10/22, Jason asked me in an email below: "Does Beno dispute receiving the summons and complaint by certified mail?" An amazingly succinct question! But apparently he had not read my 3/9/22 motion to dismiss, because it clearly answers this question. And now you also acknowledge that what was sent to Beno via certified mail in early January contained neither a summons or even a filed copy of the complaint. You continue to have zero grounds to believe that service was perfected upon the defendant.

You could have accepted the court's order and perfected service on my client. I even offered to accept service on its behalf. But you opted instead to file another motion. The caselaw you cited underscores you have no good ground to support the relief you are seeking, hence my basis for filing a Rule 11 motion.

I do not intend to withdraw my motion.

George G.


**George C. Gaston, Special Counsel**
63 S. Royal Street Suite 302
Mobile, AL 36602
O: 251-438-7850 | F: 251-438-7875
GGaston@gallowaylawfirm.com



TX | LA | MS | AL | FL | GA | MO
www.gallowaylawfirm.com

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT
OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT
FORWARD WITHOUT SPECIFIC PERMISSION.

EXHIBIT A

ELECTRONICALLY FILED
4/3/2022 12:11 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| LOFTON AUBRIANA, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2022-900031.00 |
| | ) |
| BENO TRAMPOLINE PARKS, LLC, | ) |
| Defendant. | ) |

<u>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE**
**COURT'S ORDER OF 3/15/2022 [DOCUMENT 16];**
**ORDER DENYING RULE 11 SANCTIONS AGAINST COUNSEL**
**FOR PLAINTIFF OR DEFENDANT;**
**ORDER EXTENDING TIME TO JULY 1, 2022 FOR PLAINTIFF TO PERFECT**
**SERVICE OR CASE SHALL BE DISMISSED FOR FAILURE TO PERFECT SERVICE**</u>

      This matter comes before the Court on Plaintiff's Motion to Alter, Amend or Vacate
Order (Document 16) and to Deem Service Perfected as of January 5, 2022 [Document 19],
Correspondence between counsel for the Parties [Document 20], Defendant's Response In
Opposition to Plaintiff's Motion to Alter, Amend or Vacate Order and Motion for Rule 11
Sanctions, with corresponding communications between counsel [Documents 24 and 25], snf
Plaintiff's Motion for Rule 11 Sanctions and Response to Defendant's Motion for Rule 11
Sanctions, with correspondence between counsel [Documents 27 through 30, inclusive].  The
Court takes judicial notice of the court file, particularly the Affidavit of Shannon Gallaway and
corresponding Exhibit A [Documents 13 and 14].

      The Court has read and considered the cases cited by Plaintiff in her aforementioned
motion to alter, to wit:  *Sanderford v. Prudential Ins. Co of America*, 902 F.2d 897 (11th Circuit
1990); *Voltz v. Dyess*, 148 So.3d 425 (Ala. 2014); *Wood v. Weenig*, 736 P.2d 1053 (Utah Ct. App.
1987) and *Ex parte Rich*, No. 2210228 (Ala.Civ.App. March 4, 2022).  The **Court FINDS** the
facts contained in the aforementioned cases are distinguishable from the herein facts.

      The herein court file reflects the following: that an un-filed complaint without
accompanying case number was received by Shannon Gallaway via USPS priority mail express
envelope on January 5, 2022; that no summons accompanied the herein complaint received by
Shannon Gallaway; that the above captioned Defendant is listed as "d/b/a Surge Trampoline

EXHIBIT A

Park; that the herein accident allegedly occurred at 120 Wildwood Parkway, Homewood, AL 35209; that Ms. Gallaway was an "employee' at Surge Adventure Park, located at 2506 Pepperell Parkway, Opelika, AL 36801; that the aforementioned envelope received by Ms. Gallaway was addressed to Darren Balsamo; that there is no information submitted to identify the role of Mr. Balsamo or Ms. Gallaway's employment relationship with Mr. Balsamo.

The Court has read and considered the following:

**A.R.Civ.P. 4. PROCESS: GENERAL AND MISCELLANEOUS PROVISIONS, provides,** as follows, **in pertinent parts:**

**"(a) Summons or Other Process.**

(3) *Copy of Complaint or Other Document*.  A copy of the **complaint, showing the case number assigned to the action**, or other document to be served **shall accompany each summons** or other process....

**(c) Upon Whom Process Served**.  **Service of process,** except service by publication as provided in Rule 4.3, **shall be made** as follows:

(6) *Corporations and Other Entities*.  **Upon** a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, **by serving** an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

(i) **Methods of Service**. Service under this rule **shall** include the following:

(2) *Service by Certified Mail*.

(A) When Proper.  When the plaintiff files a written request with the **clerk....Alternatively**, the **attorney** or party **filing the process and complaint** may initiate service by certified mail as provided in this rule.

(B) How Served.

(ii) Alternatively, the **attorney** or party **filing the process and complaint** or other document to be served may obtain a copy of the **filed pleading from the clerk** or, if the pleading was filed electronically, use the copy returned electronically by the clerk.  The attorney or party shall then place that copy of the process and complaint or other document to be served in an envelope and address the envelope to the person to be served with instructions to forward. In the **case of an entity within the scope of one of the subdivisions of 4(c)** the addressee shall be a person described in the appropriate **subdivision....The return receipt shall be addressed to the clerk of the court issuing the process and shall identify the case number of the case in which the pleading has been filed. Upon mailing, the attorney** or party **shall immediately file with the court an "Affidavit of Certified Mailing of Process and Complaint."** The affidavit shall verify that a filed copy of the process and complaint or other document to be served has been mailed by certified mai in accordance with this rule." (Emphasis added)

EXHIBIT A

The **Court FINDS** that the herein Plaintiff has not complied with the aforementioned provisions to perfect service on the above captioned Defendant BENO Trampoline Parks, LLC. It is hereby **ORDERED** that **Plaintiff's Motion to Alter, Amend or Vacate Order (Document 16) and to Deem Service Perfected as of January 5, 2022 is DENIED**.

It is **ORDERED** that **Defendant's Motion for Rule 11 Sanctions** [Document 24] is **DENIED**.  It is **ORDERED** that **Plaintiff's Motion for Rule 11 Sanctions** [Document 27] is **DENIED.**

The court file reflects that **George C. Gaston, Esquire, represents that he is** authorized to accept service on behalf of the above captioned Defendant [Document 28]. It is **ORDERED** that the herein **Plaintiff**, pursuant to the Court's Order of 3/15/2022 [Document 16], is **EXTENDED time to perfect service on the above captioned Defendant to July 1, 2022, absent good cause shown.**  It is **ORDERED** that failure of the Plaintiff to perfect service on the aforementioned date, absent good cause shown, **shall result in this case being DISMISSED, for failure to perfect service**.

**DONE this 3rd day of April, 2022.**

**/s/ TAMARA HARRIS JOHNSON**
**CIRCUIT JUDGE**

EXHIBIT A

ELECTRONICALLY FILED
6/30/2022 5:42 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| A.L., a minor, suing through her custodial parent and next friend, MARY LOFTON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV – 2022 – 900031 – THJ |
| SURGE TRAMPOLINE PARKS, LLC, d/b/a Surge Trampoline Park, a Limited Liability Company; JOHN DOE, an individual; JANE DOE, an individual; JOHN DOE II, an individual; JANE DOE II, an individual; Fictious Defendant A, whether singular or plural, that entity which owned, operated, maintained, supervised, and/or otherwise controlled Surge Trampoline Park on and before January 5, 2020; Fictious Defendant B, whether singular or plural, that entity or those entities, if different from the named defendants, who or which owned, maintained, operated, controlled, or leased the premises where plaintiff's injury occurred on the occasion made the basis of this action; Fictious Defendant C, whether singular or plural, that entity or those entities who or which were the master or principal of those employees, or who had the right of control over the employees described fictitiously as "E" through "I", whose negligence or wantonness proximately caused Plaintiff's injuries and damages; Fictious Defendant D, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

EXHIBIT A

the entity which owned, occupied or )
maintained the premises involved in )
the occurrence made the basis of this )
lawsuit, who or which conducted any )
safety training, inspection or )
analysis of, or with regard to the )
employees described fictitiously as )
"E" through "I"; Fictious Defendant )
E, whether singular or plural, that )
individual who was an employee, )
representative and/or agent of either )
of the named or fictitious defendants )
and who was responsible for )
supervising, monitoring, and/or )
refereeing (however designated) the )
use of trampolines at the arena on )
the occasion made the basis of this )
action; Fictious Defendant F, )
whether singular or plural, that )
individual who was an employee, )
representative and/or agent of either )
the named or fictitious defendants )
and who allowed, encouraged, )
permitted, and/or otherwise )
condoned the use of the subject )
trampoline by multiple individuals, )
including A.L., at the same time on )
the occasion made the basis of this )
lawsuit; G, whether singular or )
plural, that individual who was )
responsible for supervising, )
monitoring, and/or refereeing )
(however designated) the use of the )
"Wipeout" at the arena that made the )
basis of this action; Fictious )
Defendant H, whether singular or )
plural, that individual who was an )
employee, representative and/or )
agent of either of the named or )
fictitious defendants and who failed )
to apprise A.L. of the safety rules and )
regulations in effect at Surge )
Trampoline Park on the occasion )
made the basis of this lawsuit; )

2

EXHIBIT A

**Fictious Defendant I, whether singular or plural, that individual or entity who or which was responsible for supervising, training, and/or monitoring the individual or individuals described as Fictitious Defendants E through H; Fictious Defendant J, whether singular or plural, that individual, other than those described above, whose negligence, wantonness and/or other wrongful conduct caused or contributed to causing A.L.'s injuries on January 5, 2020; Fictitious Defendant K, whether singular or plural, that entity or those entities other than those described above, which is the successor in interest of any of those entities described above; Fictious Defendant L, whether singular or plural, that entity or those entities other than those described above, which was the predecessor corporation of any of the entities described above.,** )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Defendants.**

---

## FIRST AMENDED COMPLAINT

---

**COMES NOW** the Plaintiff, by and through the undersigned counsel, does hereby amended the complaint to add John Doe, John Doe II, Jane Doe, and Jane Doe II, as parties.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff **A.L.,** is a minor child and resident of Mobile County, Alabama. Mary Lofton is the custodial parent of this minor child and brings this action on her

3

EXHIBIT A

behalf, and at all times material to this complaint, is an individual over the age of nineteen (19) who is a resident and citizen of Mobile County, Alabama.

2.      Defendant **BENO TRAMPOLINE PARKS, LLC d/b/a SURGE TRAMPOLINE PARKS** ("Surge") is a limited liability company incorporated in the State of Louisiana, doing business in Jefferson County, Alabama.

3.      Defendant **JOHN DOE** is an individual over the age of nineteen (19) and is a resident and citizen of Alabama. At all times material to the Complaint, John Doe was the manager of Surge. John Doe's name is not known but will be added by amendment when ascertained.

4.      Defendant **JANE DOE** is an individual over the age of nineteen (19) and is a resident and citizen of Alabama. At all times material to the Complaint, Jane Doe's name is not known but will be added by amendment when ascertained.

5.      Defendant **JOHN DOE II** is an individual over the age of nineteen (19) and is a resident and citizen of Alabama. At all times material to the Complaint, John Doe II was the operator of the attraction where A.L. was injured. John Doe II's name is not known but will be added by amendment when ascertained.

6.      Defendant **JANE DOE II** is an individual over the age of nineteen (19) and is a resident and citizen of Alabama. At all times material to the Complaint, Jane Doe II was the operator of the attraction where A.L. was injured. Jane Doe II's name is not known but will be added by amendment when ascertained.

7.      **Fictitious Defendants A through L**, whether singular or plural, are those persons, corporations, partnerships, or other legal entities who participated in

4

EXHIBIT A

or were involved in the incidents made the basis of this Complaint, the names and identities of the Fictitious Defendants are unknown at this time, but will be added by amendment when ascertained.

8.    Collectively, Surge, Fictious Defendants A through L, John Doe, Jane Doe, John Doe II, and Jane Doe II, will be referred to as "the Defendants".

9.    A reference to Defendant, whether singular or plural, is a reference to all Defendants, named or fictitious.

10.    The amount in controversy exceeds the jurisdictional minimum of this Court.

11.    This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties since the actions complained of occurred in this judicial district, the corporate defendant does business in this judicial district, and upon information and belief, the individual Defendants reside in this judicial district.

12.    Venue is proper in this District because at all material times hereto, Defendants have been residents and citizens of Jefferson County, Alabama, and the issues and controversies herein largely took place in this judicial district. Venue is proper in this judicial district under because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

13.    Personal jurisdiction exists over both Defendants.

5

EXHIBIT A

## FACTS

14.    On and before January 5, 2020, the Defendants, owned, operated, managed, maintained, and/or controlled Surge Trampoline Park located at 120 Wildwood Pkwy Homewood, AL 35209.

15.    Surge is an extreme trampoline park open to the general public. The park has many attractions including trampolines, an arcade, a trapeze, a dodgeball arena, a basketball enclosure, and climbing features.

16.    On one of the attractions, the Wipeout, is an attraction that is centered with a spinning apparatus with a protruding arm, approximately ten (10) feet from the center, surrounded by eight (8) interlocking trampolines, each with an isosceles trapezoid shape. The goal for patrons is to jump high enough to jump over arm while it is spinning.

17.    Prior to January 5, 2020, the Defendants and the Defendants' employees had received multiple complaints of injuries suffered by individuals utilizing the trampolines and ambulances had been called to the park on multiple occasions to provide medical care, treatment, and/or transport.

18.    On or about January 5, 2020, A.L., her mother, friends and family were invitees at Surge.

19.    Upon arriving at Surge, A.L., and numerous other invitees, were jumping on the Wipeout as well as the adjacent trampolines. Neither the Defendants nor the Defendants' employees restricted A.L. from going into the trampoline arena, or onto the Wipeout attraction.

6

EXHIBIT A

20.   Before authorizing and allowing A.L. to utilize the trampolines, neither the Defendants nor the Defendants' employees informed A.L., or guardian, about any safety rules, warned A.L., or guardian, about safe and/or unsafe practices, or provided A.L., or guardian, with any information or instructions with regard to safety rules.

21.   After observing other invitees executing attempting to jump over the protruding arm on the Wipeout attraction, A.L. attempted to jump over the arm as it was spinning. As A.L. ascended, the protruding arm struck A.L. on the right thigh, breaking her right femur.

22.   At all times material to this Complaint, the Defendants failed to properly train its employees and/or failed to provide an adequate number of qualified and sufficiently trained employees to properly supervise invitees utilizing the Wipeout attraction.

23.   On and before January 5, 2020, and at all times material to this Complaint, Defendant, the Defendants knew or should have known that trampoline parks created a high risk of injury to invitees and that it was unreasonably dangerous to allow multiple individuals to use any trampoline in its trampoline park at any given time.

24.   A.L. was then transported to Children's Emergency Room in downtown Birmingham where she was treated for a broken left femur. On or about January 6, 2020, an emergency surgery was performed to repair A.L.'s left

EXHIBIT A

femur. A.L. was discharged from the Benjamin Russell Hospital for Children on January 8, 2020.

25.    After the initial surgery, A.L. has had to undergo physical therapy and have a second surgery.

26.    Upon information or belief, the Defendants also calibrated or setup the Wipeout attraction at unreasonably dangerous settings to allow faster spinning and significantly increased the likelihood of injury.

27.    Despite these known risks, the Defendants and its employees ignored the rules, and routinely allowed individuals to jump on unsafe equipment.

## COUNT ONE
### (Negligence)

28.    Plaintiffs incorporates paragraphs fourteen (14) to twenty-seven (27) of this complaint as if fully set out herein.

29.    On or about January 5, 2020, the Defendants had a duty to use reasonable care in the ownership, operation, supervision, management, maintenance, and control of Surge.

30.    At the time and place stated above, the Defendants negligently breached the duty owed to invitees, including A.L., in one or more of the following respects:

a.    By using equipment, which is unreasonably and foreseeably dangerous;

b.    By failing to obtain proper equipment and safety devices;

c.    By failing to operate the Wipeout attraction in a reasonably safe manner;

EXHIBIT A

d.    By failing to establish appropriate safety rules and regulations for the use of trampolines and attractions;

e.    By failing to establish appropriate procedures, rules and regulations for employees to follow in addressing foreseeable, dangerous usage of trampolines and attractions by invitees;

f.    By failing to enforce the manufacturer's rules and prohibitions in accordance with the User's Manual;

g.    By failing to establish or implement appropriate procedures to ensure that employees were trained to provide appropriate instruction and warning to invitees with regard to the safe and proper use of trampolines and attractions;

h.    By failing to supervise and/or adequately supervise and control the conduct of employees in and about the enforcement of safety rules and regulations in effect at the Wipeout attraction;

i.    By failing to provide an adequate number of qualified and sufficiently trained employees to properly supervise individuals utilizing the Wipeout attraction;

j.    By failing to train and educate employees in the recognition and prevention of unsafe practices with regard to the use of trampolines and attractions;

EXHIBIT A

k.     By failing to apprise invitees, including Plaintiff, of safety rules and regulations before allowing them to jump on trampolines or utilize attractions;

l.     By failing to enforce its own safety rules and regulations;

m.     By failing to warn and educate invitees, including Plaintiff, about the dangers and risks associated with extreme trampoline parks before allowing them to use the Wipeout attraction, trampolines, and other facilities;

n.     By failing to hire qualified monitors and/or supervisors to ensure the safety of individuals using the trampolines and attractions located inside the facility;

o.     By failing to properly and/or adequately train monitors and/or supervisors in the appropriate use and the inappropriate use of the trampolines and attractions; and,

p.     By failing to provide any written, oral, or audio-visual instruction or guidance concerning the safe usage of trampolines and attractions located on the premises.

31.   As a proximate consequence of the Defendants' negligence, the Plaintiff was caused to suffer the following injuries and damages:

a.     She suffered a catastrophic, life-altering leg injury;

b.     She suffered a severe, traumatic fracture to her right femur;

EXHIBIT A

c.    She underwent two different surgeries to-date and may need a third surgery in order to help restore function to her right leg;

d.    She was required to have a catheter implanted to administer IV antibiotics;

e.    She suffered and will continue to suffer extreme physical pain, mental suffering, and emotional distress;

f.    She suffered permanent injury, disability, and disfigurement;

g.    She suffered a loss of her enjoyment of life;

h.    She has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of her injuries; and,

i.    She was caused to suffer and in the future will suffer a substantial loss of earnings and wages, and other benefits.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demand compensatory and punitive damages against the Defendants, in the amount exceeding the jurisdictional minimum of this Court, separately and severally, in an amount to be determined, plus interest and costs.

**COUNT TWO**
**(Wantonness)**

32.    Plaintiffs incorporates paragraphs fourteen (14) to twenty-seven (27) of this complaint as if fully set out herein.

EXHIBIT A

33.     On or about January 5, 2020, the Defendants had a duty to use reasonable care in the ownership, operation, supervision, management, maintenance, and control of Surge.

34.     At the time and place stated above, the Defendants wantonly breached the duty owed to invitees, including A.L., in one or more of the following respects:

a.     By using equipment, which is unreasonably and foreseeably dangerous;

b.     By failing to obtain proper equipment and safety devices;

c.     By failing to operate the Wipeout attraction in a reasonably safe manner;

d.     By failing to establish appropriate safety rules and regulations for the use of trampolines and attractions;

e.     By failing to establish appropriate procedures, rules and regulations for employees to follow in addressing foreseeable, dangerous usage of trampolines and attractions by invitees;

f.     By failing to enforce the manufacturer's rules and prohibitions in accordance with the User's Manual;

g.     By failing to establish or implement appropriate procedures to ensure that employees were trained to provide appropriate instruction and warning to invitees with regard to the safe and proper use of trampolines and attractions;

EXHIBIT A

h.    By failing to supervise and/or adequately supervise and control the conduct of employees in and about the enforcement of safety rules and regulations in effect at the Wipeout attraction;

i.    By failing to provide an adequate number of qualified and sufficiently trained employees to properly supervise individuals utilizing the Wipeout attraction;

j.    By failing to train and educate employees in the recognition and prevention of unsafe practices with regard to the use of trampolines and attractions;

k.    By failing to apprise invitees, including Plaintiff, of safety rules and regulations before allowing them to jump on trampolines or utilize attractions;

l.    By failing to enforce its own safety rules and regulations;

m.    By failing to warn and educate invitees, including Plaintiff, about the dangers and risks associated with extreme trampoline parks before allowing them to use the Wipeout attraction, trampolines, and other facilities;

n.    By failing to hire qualified monitors and/or supervisors to ensure the safety of individuals using the trampolines and attractions located inside the facility;

EXHIBIT A

o.   By failing to properly and/or adequately train monitors and/or supervisors in the appropriate use and the inappropriate use of the trampolines and attractions; and,

p.   By failing to provide any written, oral, or audio-visual instruction or guidance concerning the safe usage of trampolines and attractions located on the premises.

35.   As a proximate consequence of the Defendants' wantonness, the Plaintiff was caused to suffer the following injuries and damages:

a.   She suffered a catastrophic, life-altering leg injury;

b.   She suffered a severe, traumatic fracture to her right femur;

c.   She underwent two different surgeries to-date and may need a third surgery in order to help restore function to her right leg;

d.   She was required to have a catheter implanted to administer IV antibiotics;

e.   She suffered and will continue to suffer extreme physical pain, mental suffering, and emotional distress;

f.   She suffered permanent injury, disability, and disfigurement;

g.   She suffered a loss of her enjoyment of life;

h.   She has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of her injuries; and,

14

EXHIBIT A

i.      She was caused to suffer and in the future will suffer a substantial loss

of earnings and wages, and other benefits.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demand

compensatory and punitive damages against the Defendants, in the amount

exceeding the jurisdictional minimum of this Court, separately and severally, in an

amount to be determined, plus interest and costs.

## COUNT THREE
### (Vicarious Liability)

36.   Plaintiffs incorporates paragraphs fourteen (14) to twenty-seven (27) of this

complaint as if fully set out herein.

37.   On or about January 5, 2020, Defendants' employees were present at the Surge

Trampoline Park.

38.   At the time and place stated above, and at all times material to this Complaint,

Defendants' employees were working within the line and scope of their

employment with Surge.

39.   At all times material to this Complaint, Defendants' employees had a duty to

use reasonable care in the operation, supervision, management, maintenance,

and control of Surge.

40.   At the time and place stated above, Defendants' employees, negligently and/or

wantonly breached the duty owed to invitees, including A.L., in one or more of

the following respects:

a.      By altering and/or installing the equipment in such a way that

endangered the invitees of Surge

15

EXHIBIT A

b.    By failing to enforce the safety rules and regulations in effect by Surge;

c.    By failing to enforce the manufacturer's rules and prohibitions in accordance with the User's Manual;

d.    By failing to notify and/or to warn invitees, including Plaintiff, of safety hazards associated with the use of the Wipeout attraction and trampolines;

e.    By failing to provide any written, oral, or audio-visual instruction or guidance concerning the safe usage of trampolines and attractions located on the premises;

f.    By failing to properly supervise individuals utilizing the Wipeout attraction and trampolines to ensure that safety rules were followed;

g.    By failing to properly apprise Plaintiff of the safety rules and regulations prior to allowing her to use the Wipeout attraction and trampolines;

h.    By failing to properly and/or adequately supervise and/or control invitees, including Plaintiff, in and about the use of the Wipeout attraction and trampolines.

41.    As a proximate consequence of negligent and/or wanton conduct of Defendant's employees, A.L. was caused to suffer the injuries and damages described in Count One.

42.    Surge is vicariously liable to A.L. for the negligence of Defendant's employees.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demand compensatory and punitive damages against the Defendants, in the amount

16

EXHIBIT A

exceeding the jurisdictional minimum of this Court, separately and severally, in an

amount to be determined, plus interest and costs.

## PLAINTIFF DOES NOT DEMAND A TRIAL BY JURY

**Dated: June 30, 2022**

Respectfully submitted,

*/s/ Jason L. Yearout*　　　　　　　　*/s/ Brenden L. Smith*
Jason L. Yearout (YEA011)　　　　　Brenden L. Smith (SMI398)
Attorney for Plaintiff　　　　　　　　Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**　　　　　　**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150　　490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209　　　　　　Birmingham, AL 35209
t. 205.443.7855　　　　　　　　　　t. 205.443.7850
e. jyearout@rubiofirm.com　　　　e. bsmith@rubiofirm.com

## CERTIFICATE OF SERVICE

I certify that on **June 30, 2022**, a true and correct copy of the foregoing was served by filing it through the court's electronic filing system, or if not filed, then by electronic mail (or as indicated below) on the following counsel and/or *pro se* parties:

George C. Gaston
63 S. Royal Street
Suite 302
Mobile, Alabama, 36602
e. GGston@gallowaylawfirm.com
p. 251.438.7580

**/s/ Brenden Smith**
Of Counsel

17

EXHIBIT A

ELECTRONICALLY FILED
7/1/2022 3:35 PM
01-CV-2022-900031.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2022-900031.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## AUBRIANA LOFTON V. BENO TRAMPOLINE PARKS, LLC

NOTICE TO: BENO TRAMPOLINE PARKS, LLC, 2506 PEPPERELL PARKWAY, OPELIKA, AL 36801
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACOB L SNOW
_____
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO Box 679, MCINTOSH, AL 36553
_____
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of AUBRIANA LOFTON pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 01/04/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JACOB L SNOW
_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
George Gaston in Jefferson County,
*(Name of Person Served)*          *(Name of County)*

Alabama on June 30, 2022 .
*(Date)*

| 9Hy | Prada L. Smith | 490 wildwood N. cir. |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | Brandon L Smith | Suite 150, Birmingham AL 35209 |
| | *(Server's Printed Name)* | 205. 443. 7850 |
| | | *(Phone Number of Server)* |

EXHIBIT A